## STEWART REALTY CO. v. RIDDER.
### (No. 6444.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1920.)

1. Principal and agent ☞102(1), 103(13)—Sales agent cannot agree to exchange.

An agent, having a power of attorney to sell lands, has no implied power to exchange or barter them, and hence cannot bind his principal by an agreement to pay a broker for effecting an exchange.

2. Brokers ☞86(1)—Evidence insufficient to warrant recovery of commission for effecting an exchange.

In an action by brokers for commissions for effecting an exchange of lands, evidence held insufficient to establish the owner's liability; it appearing that the brokers held themselves out as representing the opposite party, and there being nothing to show that the owner had knowledge of their activities, or that they claimed in any wise to be acting in his behalf.

Error from District Court, Bexar County; J. T. Sluder, Judge.

Action by W. C. Stewart and J. C. Blacknall, doing business as the Stewart Realty Company, against Louis Ridder. There was a judgment for defendant, and plaintiffs bring error. Affirmed.

J. D. Martin, of San Antonio, for plaintiffs in error.
Wm. H. Russell, of San Antonio, for defendant in error.

FLY, C. J.  This is a suit originally instituted by the Stewart Realty Company, a

partnership, composed of W. C. Stewart and J. C. Blacknall, herein called plaintiffs, against several defendants, but by an amended petition all were dismissed from the suit except the defendant in error, who will be designated defendant, to recover a commission of $1,578 accruing to them by reason of the sale of certain land for defendant. The defendant answered by general demurrer, 16 special exceptions, general denial, pleas of two and four years' limitation, and further answered, in effect, denying that plaintiffs were his agents in effecting the sale, and that he had paid his agents, Gage and Lindheim, for the same. Plaintiffs, in a supplemental petition, admitted that they had no contract with defendant, but that they effected a sale of the land, and after having knowledge that the sale had been brought about by plaintiffs, defendant had accepted the benefit of their services. A verdict was instructed for the defendant.

The evidence showed that there was no sale of the land of defendant, but that the property was exchanged for other property. Defendant never at any time contracted with plaintiffs to sell or exchange his land. Stewart testified that Mr. Gage came to see him, and stated that he had listed with him for sale a certain tract of land belonging to defendant; that he sent a telegram to defendant, asking him for a proposition on the land, which was not answered; that the witness took Mr. Smith to Mr. Bodet, who, Gage said, had authority to sell defendant's land. Stewart swore that he saw a power of attorney from defendant to Bodet to sell the land in question. The power of attorney did authorize Bodet to sell all the land owned by defendant in Duval, Jim Wells, and Nueces counties, but gave him no authority to exchange the land for other property, or to employ other agents to secure a sale, and in fact Bodet did not employ plaintiffs to secure a purchaser, but they voluntarily undertook to do so, and brought D. F. Smith to Bodet, who exchanged the property of defendant for property belonging to Smith and some cash. Defendant accepted the exchange, and executed the necessary conveyances to Smith for the land. Plaintiffs had no conversation with defendant about the land, and the latter did not promise to pay them any commission, nor had any knowledge that Bodet had made such promise. Plaintiffs, during the negotiations about the sale of the land, appeared as the agents of Smith, and sought to lower the value of defendant's land. They wrote to Gage, styling Smith "our client," and showing beyond cavil or doubt that they were representing him, and not defendant. After making a proposition for "our client," and endeavoring to show that his offer was fair and all the land was worth, plaintiffs wrote:

"As a friend to you and wishing you to do well with your land, we hope you will see your way clear to accept the above proposition, as we feel that it would be the best deal you could ever get on your land. Our client would not agree as to any length of time for his proposition to remain open, as there are so many landowners running him down to sell their land."

There was nothing to indicate to defendant or any one else that plaintiffs were representing him but everything indicated that they were representing "our client," D. F. Smith.

[1] In the supplemental petition plaintiffs abandoned any claim for remuneration on the ground of a contract with defendant or Bodet, and placed their claim on the ground alone that the sale was consummated "by and with the knowledge of the said George Bodet," and that when the sale was consummated "Ridder was made acquainted with the services of these plaintiffs, and by accepting the benefit of their services he became indebted to them in a reasonable sum, to wit, 5 per cent, commission upon the price for this said land was rendered." If it be admitted that Bodet knew that plaintiffs negotiated the sale, that knowledge could not bind defendant, because it was not shown, and it is not contended, that he had any authority to bind defendant in the employment of agents. He realized that he had no authority whatever under his power of attorney to bind defendant, because he did not attempt to execute a deed to the land, but waited until defendant returned from California to execute the conveyance. He did not, could not, claim any authority to represent defendant in connection with the exchange of the properties. The power to sell and convey land does not imply the authority to barter or exchange it for the property or take the pay for the land in any other than cash. Mechem, Law of Agency, § 817; Reese v. Medlock, 27 Tex. 120, 84 Am. Dec. 611; Kempner v. Rosenthal, 81 Tex. 12, 16 S. W. 994; Edwards v. Davidson, 79 S. W. 48; Texas Plow Co. v. Klapproth, 164 S. W. 399; Barker v. Oil Co., 219 S. W. 874. There was no privity of contract between the principal and the subagent, even if Bodet had employed him to make the sale.

[2] The evidence utterly fails to show that defendant, before the sale was consummated, had any knowledge whatever of plaintiffs' activities in connection with the land, and, if he had, he could only conclude that plaintiffs were representing Smith, and not defendant. There was no theory that could be evolved from the testimony upon which could be based a recovery by plaintiffs, and the court was fully justified in instructing the jury to return a verdict in favor of defendant.

The judgment is affirmed.