## EVANGELICAL LUTHERAN BETHEL CHURCH v. LOVE et al. (No. 827.)

(Court of Civil Appeals of Texas. Beaumont. June 30, 1922.)

**1. Specific performance ⬧87—Enforcement of contract to make gift to church denied for default of church to perform conditions of gift.**

Equity will not enforce a contract to give church a named sum after the erection of a church building conditioned on certain acts to be performed by the church which it has not performed and is not able to perform.

**2. Contracts ⬧346(12)—Pleading specific contract precludes recovery for quantum meruit.**

One pleading a specific contract only cannot recover on a quantum meruit, that is, for a partial performance of the duties assumed by him under the contract.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by the Evangelical Lutheran Bethel Church against W. G. Love and Champ Ross, executors of the estate of Conrad Schwarz, deceased, in which L. S. Green intervened. From a judgment against plaintiff and intervener, plaintiff appeals. Affirmed.

Jones & Jones, of Houston, for appellant.

Love, Wagner & Wagner, of Houston, for appellees.

WALKER, J. Appellant, Evangelical Lutheran Bethel Church, a corporation, instituted this suit against appellees in their representative capacity, on the following contract:

"State of Texas, County of Harris.

"This memorandum of agreement made and entered into by and between Conrad Schwarz of Houston, Harris county, Texas, hereinafter called party of the first part, and the Evangelical Lutheran Bethel Church, a private corporation, organized under the laws of the state of Texas, hereinafter called the party of the second part, witnesseth:

"That the party of the first part has agreed and by these presents does agree to give to the party of the second part the sum of five thousand ($5,000.00) dollars for the erection of a church building on lots numbers one and two (1 & 2) in Block number sixty (60) of the Brunner Addition to the city of Houston in

Harris county, Texas, upon the terms and conditions hereinafter stated, and the party of the second part has agreed and does hereby agree to accept the five thousand ($5,000.00) dollars on the terms and conditions hereinafter stated:

"First. The said sum of five thousand ($5,000.00) dollars shall be paid by the party of the first part to the contractors for the construction of said church building, as the work progresses, upon estimates furnished by the architect for said buildings, and approved by the building committee of said church, such advances not to exceed, as the work progresses, more than eighty (80%) per cent. of the value of work and material actually put into said building, and any remaining balance to be paid upon completion of said improvements, and upon said showing to be made that all labor and material used in the construction of the improvements has been paid for.

"Second. The aforesaid five thousand ($5,000.00) dollars includes three hundred ($300.00) dollars which the party of the first part heretofore agreed to contribute to said church and the gift is conditioned upon the said church being designated and known as 'Conrad Schwarz Memorial Evangelical Lutheran Bethel Church' and a marble plate shall be put and maintained in the front wall of said church building with the following name engraved thereon: Conrad Schwarz Memorial Evangelical Lutheran Bethel Church, and the party of the second part shall keep the said church insured against loss by fire for such an amount as can be obtained from solvent and responsible fire insurance companies, and in the event of destruction of said building or injury to the same by fire, repair or reconstruct the same as conditions may require, and the repaired or reconstructed building shall continue to be known and designated as the original building herein provided for.

"Third. Out of the five thousand ($5,000.00) dollars a memorial window shall be placed in said building to cost not to exceed five hundred ($500.00) dollars, such window to be selected by him to be of a design and contain such inscriptions as may be approved by the party of the first part.

"Fourth. This donation of five thousand ($5,000.00) dollars is made upon the conditions that the above requirements be faithfully complied with by the party of the second part, and if the said conditions be breached and not corrected within thirty (30) days after notice and demand for correction, then in such event the party of the second part shall repay to the party of the first part, his heirs, executors, administrators or assigns the five thousand ($5,000.00) dollars, hereinbefore described with interest thereon at the rate of six (6%) per cent. per annum from the date of such breach and the payment thereof shall be secured by a lien on the above described lands and premises and improvements thereon, and hereafter erected thereon; it being understood and agreed that the name of the said church as hereinbefore provided shall be maintained during the life of the building to be erected as hereinbefore provided, and such other building as may be erected on the same premises out of the insurance money, as hereinbefore provided, if any.

"In testimony whereof the party of the first part has hereunto subscribed his name on this the 15th day of July, A. D. 1919, and the party of the second part has caused these presents to be executed by its trustees, thereunto duly authorized, on this 15th day of July, A. D. 1919, and the execution of this instrument is attested by the corporate seal of the said church, and same is executed in duplicate originals. [Signed] Conrad Schwarz, Party of the first part. Evangelical Lutheran Bethel Church of Houston, Texas, By ————, Chairman of Board of Trustees. August Thonig, Fritz Teske, W. F. Hanke, R. L. Scheef, Trustees, Evangelical Lutheran Bethel Church of Houston, Texas."

This contract was duly acknowledged before a notary public, by all parties signing same.

Under its allegations that it had fully complied with the conditions assumed by it under the contract, appellant prayed judgment against appellees for the $5,000 subscription made by Conrad Schwarz in his lifetime. L. S. Green intervened in the case, alleging that Conrad Schwarz employed him to draw the plans and specifications for the building provided for under the foregoing contract, and to superintend its construction, and promised to pay him for his services 5 per cent. "on the lowest bid for the construction of said building that should be received, and that bids were received from sundry persons; the lowest bid for the construction of said church, in accordance with said plans and specifications, was the sum of $15,500."

"That after the said contract was made and entered into and this intervener had been employed and entered upon said business and was performing his duties as required the said Conrad Schwarz departed this life, leaving a last will and testament, of which W. G. Love and Champ Ross were appointed executors of said estate and they qualified under the law and are now in charge of said estate and have authority to disburse and pay out the funds for the said estate and to pay off and discharge the amount that is due this intervener.

"That by reason of the said employment upon the part of the said Conrad Schwarz, and by reason of the services performed by this intervener the said Conrad Schwarz became liable to and promised to pay to this intervener, and his said executors, aforesaid, are now liable to this intervener in the said sum of $775, and they have often promised to pay the same; that the same is now due and owing and remains unpaid, to the damage of this intervener in the sum of $775."

On conclusion of the evidence the trial court instructed a verdict against appellant, Evangelical Lutheran Bethel Church, and submitted the intervener's cause of action to the jury on the following issues:

(1) "Did or did not Conrad Schwarz employ L. S. Green, architect, to prepare the plans and specifications for the erection of the church

in question? Answer, 'He did,' or, 'He did not,' as you find.

Answer: "He did."

(2) "If you have answered special issue No. 1 in the affirmative, and only in that event, then you will answer the following issue: Did or did not Conrad Schwarz promise to pay L. S. Green the sum of 5 per cent. on the lowest bid for the construction of said building that should be received? Answer, 'He did,' or, 'He did not,' as you find the fact to be."

Answer: "He did not."

[1] In our opinion, the judgment of the trial court must be sustained. As to appellant, Evangelical Lutheran Bethel Church, the undisputed proof shows that it has not complied with a single condition assumed by it under the contract. Prior to Schwarz's death, which was on the 19th of October, 1919, this appellant had incurred no liability under the contract. After Schwarz's death it proceeded to build a church on the lots described in the contract, beginning the work in March, 1920, after appellees had notified it that the Schwarz subscription would not be paid, and completed it in the following July. In building the church, it failed in the following particulars to comply with the contractual obligations:

(a) The church was built and dedicated under the name of Evangelical Lutheran Bethel Church. Its corporate name has not been changed, nor has the popular name of the church been changed. It is known in the community, and advertises itself, under its original name. Its officers testified on the trial of this case that the name would not be changed to that provided for in the contract unless and until appellees paid the $5,000 subscription.

(b) A memorial window selected by Schwarz in his lifetime has been placed in the building, but no inscription has been placed thereon, and according to the testimony of the officers of the church, no inscription will be placed thereon commemorating the memory of Schwarz until the subscription has been paid.

(c) A marble slab has been provided and is now in the church building, but has not been installed in the front wall of the building, as provided for in the contract, and will not be until the subscription is paid.

(d) The contract provided that the subscription was not to be paid in full until a showing was made that the cost of labor and material was paid for. The evidence shows that the church is very heavily in debt, greatly in excess of the Schwarz subscription, and if paid it would not relieve the debts of the church so as to meet the conditions of the contract.

(e) A $2,500 deed of trust running for ten years has been placed on the building and lots, thus in part defeating the purpose of Schwarz to have a lien on the property in case the conditions of the donation are breached.

(f) After the building was erected, fire insurance was not carried on it, as contemplated in the contract, until almost nine months after the dedication of the building. The policy offered in evidence was issued only a few days before this case was tried.

(g) The record shows that Schwarz and the officers of appellant agreed on plans and specifications for the building. Without consulting with appellees, the plans agreed upon were radically changed.

This appellant's cause of action is not for damages for breach of the contract made by Schwarz, but for specific performance. They have alleged, as we have said, a compliance by them with the conditions of the contract, and are now seeking to recover the $5,000 to be paid on those conditions. As appellant has defaulted in its obligations, the trial court correctly instructed a verdict against it.

Having reached the foregoing conclusion on the facts, as detailed, we pretermit a discussion of appellees' counter proposition that—

"The contract sued on was in legal effect only an executory agreement to make a gift or donation in the future, and the same, not having been completed by Conrad Schwarz in his lifetime, was revoked by his death."

[2] The judgment of the court against the intervener is fully sustained. The testimony shows that Schwarz did employ intervener to draw the plans and specifications and to superintend the construction of the building, and agreed to pay him for his services 5 per cent. of the lowest bid received. This is the contract as pleaded by intervener, but by his pleadings he shows that he did not comply with his part of the contract, in that he did not superintend the construction of any building. No building was erected on the plans which Schwarz approved. Intervener has no prayer on an allegation of quantum meruit. He has pleaded a specific contract and has limited his recovery to the terms of such contract. There is not a scintilla of evidence in the record that Schwarz promised to pay intervener 5 per cent. of the lowest bid for his plans and specifications. Having pleaded a specific contract, he cannot recover on a quantum meruit, that is, for a partial performance of the duties assumed by him.

As the case was correctly tried, the judgment of the trial court is in all things affirmed.