**DALLAS JOINT STOCK LAND BANK OF DALLAS, TEX., v. COLBERT.**

**No. 1575.**

Court of Civil Appeals of Texas. Eastland.

Sept. 25, 1936.

Rehearing Denied Nov. 6, 1936.

Renfro, McCombs & Kilgore, and Wm. Andress, Jr., all of Dallas, for appellant.

Scarborough & Ely, of Abilene, for appellee.

LESLIE, Chief Justice.

The plaintiff, T. R. Colbert, instituted this suit against the Dallas Joint Stock Land Bank, a corporation, to recover a broker's commission for services alleged to have been rendered the defendant in the sale of 8,117 acres of land, known as the "R. V. Colbert ranch" in Jones and Haskell counties. The trial was before the court and jury and upon answers of the latter to special issues a judgment was rendered for the plaintiff. The bank appeals.

The verdict of the jury finds (1) that G. D. Gay, vice president of the bank, employed plaintiff, T. R. Colbert, to sell the ranch; (2) that said Gay told Colbert that he would be paid commission for such sale; (3) that Colbert "was the procuring cause of the sale of an undivided one-half interest in the Colbert ranch by the Dallas Joint Stock Land Bank to G. C. Carothers"; and (4) that 5 per cent. "was the usual and customary agent's commission," etc. The judgment entered in favor of Colbert was for $1,420.45. This was evidently based upon the sale of one-half of the ranch, although the petition sought recovery of $2,840.50 as for sale of the entire ranch. The bank sold the entire ranch to Hardy Grissom and said G. C. Carothers in undivided interests for a consideration of $56,825.30.

The second proposition urged by the appellant is, in substance, that a broker claiming employment by a corporation must show authority in the corporate employee to make such contract, or subsequent ratification or estoppel. The point is based upon the specific contentions (1) that an assistant vice president of a corporation has no inherent authority to bind the corporation, and (2) that the plaintiff's claim that he was employed by Gay, a vice president of the bank, is not supported by

any evidence to show specific authority in Gay to make the contract and the plaintiff, therefore, fails to establish any binding brokerage contract between himself and the bank.

■ Upon the undisputed testimony it is clear that if Colbert had the alleged contract with the land bank it arose out of negotiations to that effect between himself and Gay, the vice president. It is not regarded as material that Gay's official position with the bank was designated as assistant vice president. The points will be considered and disposed of upon the theory that he was a vice president. Conceding that he had the usual and customary authority of that official, it is a well-established rule that a vice president has no inherent power to bind a corporation by brokerage contract. Republic Nat. Bank & Trust Co. v. Asbury (Tex.Civ.App.) 91 S.W.(2d) 824; Dallas Joint Stock Land Bank v. Cavitt (Tex.Civ.App.) 93 S.W.(2d) 207; World Oil Co. v. Hicks (Tex.Civ.App.) 19 S.W.(2d) 605; Brown v. Odneal (Tex.Civ.App.) 239 S.W. 350; Williams v. Moore, 24 Tex.Civ.App. 402, 58 S.W. 953; 10 Tex.Jur. § 323, p. 980.

There is no testimony in the record that the corporation by any official act ever conferred upon Gay express authority to make the brokerage contract. The defendant vigorously denies the giving of any such authority, and the vice president, as such, was unauthorized to make it.

■ However, if under the pleadings and the testimony it could be said that an issue of fact arose as to the authority of Gay to list the ranch with Colbert and bind the bank thereby to pay a commission, it is apparent that the court made no attempt to submit such issue to the jury and none was requested by the plaintiff. An issue essential to recovery and not conclusively established by the testimony was thus waived.

In addition to alleging that Gay had the authority as a matter of law to make the agency contract and that he also had express authority to do so, the plaintiff further alleged that the agreement between him and Gay was "fully known to the defendant corporation * * * and especially was known to its president, and that said defendant with the knowledge of said agreement, ratified and confirmed same and accepted the benefits thereof," etc.

■ The land listed was the "Colbert ranch" containing 8,117 acres and it will be borne in mind that the plaintiff's petition herein specifically alleges that the bank, through Gay, expressly "employed the plaintiff as an agent to procure a purchaser for said property, agreeing to pay the plaintiff 5 per cent. commission on the amount of said sale in case said property was sold to a purchaser found by the plaintiff," and, further, that "the usual, reasonable and customary commission for the sale of land in the vicinity of the above described land is and was 5 per cent. on the total amount for which said land was sold." Obviously, the land listed was the entire tract, whereas the verdict of the jury finds that the plaintiff sold but one-half of same. Therefore, if it be conceded that Gay attempted to make the contract alleged by Colbert, the record does not, as a matter of law, show that the express contract for the sale of the entire ranch would be ratified by the bank in selling but one-half interest in the lands to Carothers, even though Colbert was instrumental in creating Carothers' interest in purchasing to the extent he did. Kansas City, M. & O. Ry. Co. v. Sweetwater, 104 Tex. 329, 137 S.W. 1117; Stewart Realty Co. v. Ridder (Tex.Civ.App.) 224 S.W. 1115. Being unable to effect a sale of but one-half interest in the land, it is not believed that Colbert is in a position to claim performance of the contract upon which he relies for recovery, and the record discloses no grounds upon which to base ratification or estoppel. The fundamental error in the plaintiff's contentions is that his pleadings on the one hand and the verdict and judgment on the other do not correspond.

■ Further, no ratification or estoppel appearing as a matter of law, and the defendant by pleadings and testimony denying such, there would be at most only an issue of fact, with the burden resting upon the plaintiff to establish the affirmative of same. No such issue was given or requested, and it would therefore be waived, if in the case. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Dallas Hotel Co. v. Davison (Tex.Com. App.) 23 S.W.(2d) 708.

■ Although, as noted above, the plaintiff's petition declares upon an express contract for the sale of the entire ranch, and claims a commission for the sale of

the same, the trial court submitted to the jury the issue: "Do you find from a preponderance of the evidence that T. R. Colbert was the procuring cause of the sale of an undivided one half interest in the Colbert Ranch by the Dallas Joint Stock Land Bank to G. C. Carothers." The answer was in the affirmative. Notwithstanding the plaintiff alleged himself to be the procuring cause of the sale of the entire ranch and entitled to a commission therefor of $2,840.50 (same being 5 per cent. of the sale price of the entire ranch), he took no exception to the above submission of that part of his cause of action. It was not in accordance with the pleadings, although in harmony with his testimony wherein he made no claim to a commission based upon the price of the portion of the land sold to Hardy Grissom. It is undisputed that he did not contact Grissom in an effort to bring about the sale of the ranch, his negotiations being strictly confined to G. C. Carothers. Obviously, the verdict and judgment disproves Colbert's compliance with the contract alleged, for the sale of one-half of the land listed is not a compliance with the contract alleged and the authorities so hold. First Nat. Bank of Houston v. Cardinell (Tex.Civ.App.) 42 S.W.(2d) 145; English v. William George Realty Co., 55 Tex.Civ.App. 137, 117 S.W. 996; Clegg v. Mayer (Tex.Civ. App.) 134 S.W. 386, and authorities cited in each.

As stated, there is nothing in the testimony of the plaintiff to the effect that he was the procuring cause of Hardy Grissom buying one-half interest in the land, and there is nothing in the testimony as a whole to the effect that Carothers was ready, able, and willing to buy the entire ranch had Grissom not participated in the purchase thereof.

We have not considered the possibility of the plaintiff's recovery on the basis of a quantum meruit. No such alternative cause of action is presented by the pleadings, and it would be mere conjecture to intimate the existence or validity of such a cause. The propositions discussed are sustained.

The case appears to have been fully developed. No ruling of the trial court misled the plaintiff or prevented him from making out the case alleged. It, therefore, becomes the duty of this court to reverse the judgment of the trial court

and here render same in favor of the appellant. Sovereign Camp W. O. W. v. Patton, 117 Tex. 1, 295 S.W. 913; Tripplehorn v. Ladd-Hannon Oil Corp. (Tex. Civ.App.) 8 S.W.(2d) 217. It is so ordered.

## On Rehearing.

In the original opinion we said: "We have not considered the possibility of the plaintiff's recovery on the basis of a quantum meruit. No such alternative cause of action is presented by the pleadings," etc. This was not strictly accurate, if the alternative plea to the effect that if a 5 per cent. commission was not agreed to be paid, then a reasonable commission was to be paid which was alleged to be 5 per cent., may properly be called a quantum meruit. However, no question arose on that plea. What we meant by the language quoted was that plaintiff alleged an express contract of employment to procure a purchaser for the ranch, not a part of the ranch, or an undivided interest therein. There was no basis in the pleadings for recovery of a reasonable commission for procuring the sale of a part interest in the ranch, upon failure to prove that he procured a purchaser of the entire ranch. Had plaintiff proved his allegations of an employment (duly authorized) to procure a purchaser for the ranch, but had failed to prove an express agreement to pay a commission of 5 per cent., he could upon proof of a reasonable commission for his services have recovered same under his alternative plea. But whether he proved an express agreement to pay a commission of 5 per cent., or a reasonable commission, he could not recover anything under his pleadings if he failed to prove that he had procured a purchaser for the ranch. In other words, he alleged no alternative cause of action enabling him to recover as upon a quantum meruit, for procuring a purchaser of a half interest in the ranch.

The rule we have in mind was applied in Evangelical Lutheran Bethel Church v. Love (Tex.Civ.App.) 243 S.W. 616, where it was held that one pleading a specific contract only cannot recover on a quantum meruit, that is, for a partial performance of the duties assumed by him under the contract.

Upon the question of remanding the case instead of rendering judgment for appellant, we have had occasion since the

writing of the opinion to make a thorough study of that question in another case, and to express our views in an opinion on motion for rehearing regarding applicable statutes and legal principles. Williams v. Safety Casualty Co. (Tex.Civ. App.) 97 S.W.(2d) 729. In that case we expressed the conclusion that the test by which to determine the duty of a Court of Civil Appeals to remand a case rather than to render judgment is whether "it is necessary that some matter of fact be ascertained or the damage. to be assessed or the matter to be decreed is uncertain." R.S.1925, art. 1856. By that test, applied to the record in the instant case, we have no discretion, we think, to remand for a new trial.

The motion for rehearing is overruled.