P. G. PEURIFOY v. G. W. WIEBUSCH.

No. 7083. Decided June 15, 1938.
Rehearing overruled October 26, 1938.
(117 S. W., 2d Series, 773.)

*W. F. Bane* and *Geo. W. James,* all of Dallas, for plaintiff in error.

It was error for the court not to establish the title to the property in controversy, after reforming the judgment by striking out title and possession in the property in Wiebusch, and leaving the judgment that all other parties take nothing, leaving the property without an owner. Provident National Bank v. Webb, 128 S. W. 426; James v. James, 16 S. W. 1087; Moran v. Wheeler, 87 Texas 179, 27 S. W. 54.

*John A. Erhard, Dick P. Wood* and *W. H. Reid,* all of Dallas, for defendants in error.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The suit, which was filed by defendant in error Wiebusch, Nathan Powell and wife and Powell University Training School as plaintiffs against G. W. Thomason as defendant, and in which plaintiff in error Peurifoy intervened, is for the title and possession of six town lots in University Annex, an addition to the City of Dallas. After peremptorily instructing the jury, the trial court rendered judgment in favor of Wiebusch individually and as trustee against Thomason and Peurifoy for the title and possession of the property and judgment that the parties plaintiff other than Wiebusch take nothing. Thomason and Peurifoy appealed. By its first judgment the Court of Civil Appeals dismissed the appeals of both of said parties. 73 S. W. (2d) 142. Following the granting of applications for writs of error, this Court held that the Court of Civil Appeals erred in dismissing Peurifoy's appeal and correctly dismissed Thomason's appeal, and the cause was remanded to the Court of Civil Appeals for disposition of Peurifoy's appeal. 125 Texas 207, 82 S. W. (2d) 624.

The Court of Civil Appeals, after consideration of that appeal, held that the deed under which Wiebusch claims made him a mortgagee rather than an owner of the property, and

stated at the conclusion of its opinion that the judgment of the trial court would be reformed "so as to strike therefrom that portion awarding title and possession of the property to Wiebusch," and would be affirmed as thus reformed. 89 S. W. (2d) 452. The judgment as entered by the Court of Civil Appeals quiets the title in Wiebusch as against all claims of G. W. Thomason, and it orders and decrees that the intervenor Peurifoy take nothing by his prayer for possession in his plea of intervention, and that as to all claims and rights of possession asserted by Peurifoy, Wiebusch, individually and as trustee, have and recover judgment against Peurifoy. Thus the judgment of the Court of Civil Appeals is that Wiebusch has a right of possession superior to that of Peurifoy but it seems to leave undetermined the question of title. It was for this reason that Peurifoy's application for writ of error was granted.

Powell University Training School was incorporated September 7, 1920, by Nathan Powell, his wife, Minnie E. Powell, and his daughter, Florence L. Powell, with a capital stock of $50,000.00, all of which stock except two shares of the par value of $100.00 each owned by Minnie E. Powell and Florence L. Powell, was subscribed for and thereafter owned by Nathan Powell. The property in controversy was conveyed to it by Powell and wife as a part of its capital stock. In the year 1927 the corporation executed two deeds of trust in the usual form conveying the property in controversy to a trustee, one to secure the payment of a note for $20,000.00 and the other to secure the payment of a note for $2,000.00, both notes payable to Wiebusch and due April 14, 1932. On August 16, 1928, pursuant to a resolution of its board of directors, the corporation executed and delivered to Wiebusch a deed whereby it conveyed the property to Wiebusch as trustee, the deed containing the following recital:

"While this conveyance is made to G. W. Wiebusch as Trustee, it is especially understood and agreed between the parties at interest that said G. W. Wiebusch, Trustee, has the power of managing, selling and conveying the lands herein conveyed, or any portion thereof, just as tho he were the owner thereof in fee simple, and no purchaser from the said G. W. Wiebusch, Trustee, shall be required to see to the application of the proceeds of any sale or to inquire into the terms of said trusteeship."

The resolution of the board of directors provided in substance that the deed was given in part liquidation of the affairs of the corporation preparatory to the surrender of its

charter, and to assure the payment to Wiebusch of the two notes, one for $20,000.00 and one for $2,000.00, secured by the deeds of trust, that Wiebusch was fully authorized and empowered to manage, sell and convey the lots or any portion thereof, and that after the sale and after payment to Wiebusch of the two notes above described, with interest thereon at eight per cent, and all advances on open account, expenses of management such as sales, commissions, taxes, paving assessments and other expenses incidental thereto, the balance was by the resolution assigned and transferred to Minnie E. Powell "who is hereby authorized and empowered to receive same free and unto herself." Mrs. Powell testified that the corporation, Powell University Training School, was dissolved in September, 1928. The charter of the corporation was forfeited and cancelled by judgment rendered November 28, 1928, in a district court of Travis County in a suit filed by the State of Texas.

Plaintiff in error P. G. Peurifoy claims title to the property in controversy through sheriff's sale and deed made May 7, 1930, to his father, R. G. Peurifoy, after levy on April 14, 1930 of execution issued on a judgment rendered in favor of R. G. Peurifoy against Nathan Powell for the sum of $1549.00. The property was thereafter on July 19, 1930, conveyed by R. G. Peurifoy to plaintiff in error P. G. Peurifoy. The contention of plaintiff in error is that, at the time the execution was levied and the sheriff's sale made, the title to the property, which appeared of record to be in Powell University Training School, had, through the dissolution of the corporation by judgment forfeiting its charter, vested in its stockholders, Nathan Powell, Minnie E. Powell and Florence L. Powell in proportion to the amount of stock owned by them respectively. Nathan Powell owned 498 of the 500 shares. Against the claim of Wiebusch under the conveyance made by the corporation to Wiebusch as trustee, Peurifoy takes the position that he acquired title free from any incumbrance to secure the notes to Wiebusch, because at the time the execution was levied and the sheriff's sale made the deeds of trust securing the notes were shown by the records to have been released by Wiebusch.

■ The Court of Civil Appeals correctly held that the deed made by Powell University Training School to Wiebusch as trustee had the effect of making Wiebusch a mortgagee rather than of investing him with title. That such was the intention of the parties clearly appears from the resolution of the board of directors which authorized the execution of the deed and from testimony of Wiebusch and Nathan Powell.

It is our opinion that R. G. Peurifoy, by purchase at sheriff's sale, following the levy of execution issued on a judgment in his favor against Nathan Powell, became the owner of the property in controversy, subject to mortgage securing the debts owed by Powell University Training School to Wiebusch. Before the execution was levied and the property sold thereunder the corporation, Powell University Training School, had been dissolved by judgment forfeiting its charter in a suit brought by the State. Revised Civil Statutes of 1925, Article 1387. Upon the dissolution of the corporation the property of the corporation became the property of its stockholders in proportion to their respective shares, subject, however, to the rights of the creditors of the corporation whose debts must be satisfied out of the corporate property. Revised Civil Statutes of 1925, Article 1388; Aransas Pass Harbor Co. v. Manning, 94 Texas 558, 63 S. W. 627; Baldwin v. Johnson, 95 Texas 85, 65 S. W. 171; National Bank of Jefferson v. Texas Investment Company, 74 Texas 421, 12 S. W. 101; Panhandle National Bank v. Emery, 78 Texas 498, 15 S. W. 23; Lyons-Thomas Hardware Company v. Perry Stove Manufacturing Co., 86 Texas 143, 24 S. W. 16, 22 L. R. A. 802; Orr & Lindsley Shoe Co. v. Thompson, 89 Texas 501, 35 S. W. 473; Waggoner v. Herring-Showers Lumber Co., 120 Texas 605, 614-615, 40 S. W. (2d) 1; 11 Texas Jur. 139, Sec. 473.

The levy was made upon the interest owned by Nathan Powell, to whom belonged all of the capital stock of the dissolved corporation except two shares, one standing in the name of his wife, Mrs. Minnie Powell and the other in the name of his daughter, Florence Powell. The ownership of the two shares by the wife and daughter appears to have been merely nominal. However, if the wife and daughter had small interests in the property, they were divested of the same by the trial court's judgment, from which they did not appeal.

Wiebusch, before the execution was levied upon the interest in the property owned by Nathan Powell, executed and filed for record or permitted to be filed for record, two instruments reciting that the two notes payable to him, one in the sum of $20,000.00 and the other in the sum of $2,000.00, had been paid and releasing the two deeds of trust executed by Powell University Training School in 1927 securing the said notes. On account of such releases Peurifoy claims the protection of Article 6627, Revised Civil Statutes of 1925, part of the registration statutes, against the assertion by Wiebusch that the two notes have not in fact been paid. The statute does not give Peurifoy such protection, for at the time the execution

was levied and the sheriff's sale made the apparent title of record was not in Nathan Powell, the judgment debtor. Lewis v. San Antonio Belt & Terminal Ry. Co., 208 S. W. 552, 991, 992, (application for writ of error refused). The records showed the title to be in the corporation, Powell University Training School, subject to the rights of Wiebusch under the deed made to him as trustee. It was only by reason of the dissolution of the corporation that its property passed to Powell as stockholder and in turn to his creditor, who bought at the execution sale. In the levy and purchase there was no reliance on the records as giving notice of ownership by the judgment debtor, and the purchaser could acquire no greater right or interest in the property than the right or interest of Powell which, as has been shown, was subject to an equitable lien in favor of the creditors of the corporation. Both R. G. Peurifoy as purchaser at the execution sale and plaintiff in error P. G. Peurifoy as vendee of R. G. Peurifoy were charged with notice of the law that makes the rights of a dissolved corporation's creditors in its assets superior to those of its stockholders. The recorded deed to Wiebusch as trustee, which was in effect a mortgage, also gave notice that he had an interest in the property. It follows that if any of the debts of Powell University Training School to Wiebusch described in the resolution which authorized the conveyance to him are unpaid, Wiebusch has a lien on the property in controversy to secure the payment of such debts as are unpaid and that the title acquired by plaintiff in error. Peurifoy is subject to the lien.

■ Wiebusch testified that the two releases were executed merely to clear the title for the sale to Thomason, which was never consummated, and that no part of the notes had ever been paid, and the testimony of Nathan Powell was in effect that the notes were unpaid. However, the positive recital in the two releases executed by Wiebusch that the notes had been paid raised an issue of fact as to their payment.

■■ In his petition in the trial court Wiebusch sought first to recover title and in the alternative to establish and enforce a lien securing debts. The trial court evidently concluded that the deed gave him title and accordingly rendered judgment in his favor for title and possession. The effect of this judgment was to deny him recovery on the cause of action alleged in the alternative. Rackley v. Fowlkes, 89 Texas 613, 36 S. W. 77.

■ There was no occasion for defendant in error to appeal from the trial court's judgment, as it awarded him the greater interest, title, rather than foreclosure. Furthermore, the case

was in the main tried, and judgment was rendered, on an erroneous theory. The facts made a case in defendant in error's favor for foreclosure rather than for title. And since the trial court's judgment must be reversed, the cause may be remanded for new trial, with amended pleadings, in order that justice may be done. Colbert v. Dallas Joint Stock Land Bank, 129 Texas 235, 102 S. W. (2d) 1031, 1036; Connor Bros. v. Williams, 130 Texas 572, 112 S. W. (2d) 709, 711-712.

We find nothing in the statement of facts to support the classification of defendant in error Wiebusch as a mortgagee in possession. The property in controversy is unimproved and there is no evidence tending to prove actual possession by Wiebusch or by any other person. 41 C. J. pp. 612-613, Sec. 580.

The case has been fully developed and the material facts are undisputed, except as to the question whether the two notes, one for $20,000.00 and one for $2,000.00, executed by Powell University Training School payable to Wiebusch, have been paid, and except as to the amount of the indebtedness of the school to Wiebusch as described in the resolution which authorized the execution of its deed to him as trustee. Accordingly, the judgments of the Court of Civil Appeals and the district court are reversed and judgment is here rendered in favor of plaintiff in error Peurifoy against defendant in error Wiebusch for the title and possession of the property in controversy, subject, however, to a lien on said property to secure the payment of so much of the indebtedness of Powell University Training School to Wiebusch described in the said resolution as is unpaid; and the cause is remanded to the district court, with direction that the pleadings be amended, the issue as to payment of the notes tried, the amount of the indebtedness determined, and judgment rendered foreclosing the lien.

Reversed and rendered in part and in part remanded with directions.

Opinion adopted by the Supreme Court, June 15, 1938.

Rehearing overruled October 26, 1938.