PIO CRESPI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103133. Promulgated July 11, 1941.

*Robert Ash, Esq.*, for the petitioner.
*D. D. Smith, Esq.*, for the respondent.

## OPINION.

Disney: The petitioner contends that he had no profit upon the sale of the 75 shares of stock to his son, for the reason that he sold it for $1,468.95 per share, that the certificates delivered were No. 10 and a substitute for a part of No. 11, that Nos. 10 and 11 were issued and

identifiable against No. 20 of the old corporation, which in turn was purchased from Helmbrecht at $1,468.95 per share. The respondent argues that the petitioner owned all of the stock in the old corporation at a cost of $610,343, that he acquired all of the 1,000 shares of stock in the new corporation for the same price because it was issued for the assets of his old corporation, which he owned after it had ceased to exist, and that therefore he realized a profit of the difference between $610.34 per share, cost, and $1,468.95 per share, sale price, or $64,395.32, of which 50 percent was taxable under section 117 (b), Revenue Act of 1938.

The only question of difference between the parties is whether the new stock which was sold is identifiable with certain shares of the old. In our opinion it is not. The old corporation had ceased to exist and could not under Texas law secure a new charter. The assets therefore belonged to the directors, who were the stockholders, as trustees. Petitioner was the only stockholder, except for two qualifying shares. He therefore owned the assets, subject to claims of creditors. *Peurifoy* v. *Wiebusch*, 117 S. W. (2d) 773. These were transferred to the new corporation, the stock of which was, in the same amounts as in the old corporation, issued to the petitioner, and the two nominees holding qualifying shares. We think there was not even a *de facto* corporation in existence when the new one was organized, for the petitioner had merely overlooked the expiration of charter and had made no attempt to organize a new corporation. On this subject 14 Corpus Juris 226 reads as follows:

[§ 232] h. *Expiration or Repeal of Charter*. Although there are some decisions to the contrary on the ground that there is still sufficient color of authority for a de facto corporate existence, the weight of authority is to the effect that a corporation is dissolved ipso facto, in the absence of provision to the contrary, on expiration of the period of its existence fixed by its charter or by general law, as the case may be, or on repeal of its charter, and that since there is no longer any law under which it can legally exist, it cannot acquire the status of a corporation de facto after expiration of such period, or after such repeal, by continuing to exercise corporate powers; and its corporate existence after such period may be questioned by any one, and collaterally as well as directly, unless there is color of authority for continued existence, as by reason of an act apparently extending its charter, or unless there are elements of an estoppel.

We are therefore unable to see the applicability of those cases, such as *Helvering* v. *Rankin*, 295 U. S. 123, cited by the petitioner, and involving exchange of stock in the same corporation and the rather usual question of intent to identify shares. Here, shares had ceased to exist, and the assets upon dissolution of the corporation, in effect by liquidation, passed to the petitioner. The assets only were transferred to the new corporation. The Commissioner determined that the assets had, in the hands of the petitioner, a base of $610,343,

and that basis must be deemed correct, the petitioner having adduced no evidence to show a different base. That was therefore the cost to him of the 1,000 shares of stock issued to him in the new corporation, and each of the 75 shares sold had a base of $610.34. There was an attempt to identify new shares with old shares which were nonexistent. New shares were not issued for specific old shares, but all new shares, as a whole, were issued for the transfer of the assets of the old corporation, as a whole. Though the consideration for the transfer of assets was recited as assumption of the liabilities of the old corporation and release of trustees' liability, the only reason for issuance of all stock to petitioner was his ownership of all assets of the old corporation. The attempt to identify was, in our opinion, futile, and the principles applied in such cases as *Raoul H. Fleischmann*, 40 B. T. A. 672 (688 citing various cases) apply here. We hold that no error has been shown in the determination of deficiency.

*Decision will be entered for the respondent.*