**STREET v. CUNNINGHAM.**

No. 14290.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 7, 1941.

Rehearing Denied Dec. 5, 1941.

Marshall & King, of Graham, for appellant.

Jimmie Cunningham, of Lubbock, per se.

SPEER, Justice.

Plaintiff Jimmie Cunningham sued defendant H. B. Street to recover $400 and legal interest based upon a check purportedly executed by Street, of which check plaintiff claims to be the owner.

At the beginning of the trial a jury was demanded and empanelled, but after the testimony was all in, it was agreed between the parties that no issue of fact was raised and the jury was discharged. The parties stated to the court that they were then willing that the court determine the questions raised, the same as if no jury had been called. Both sides moved for judgment. Defendant's motion was overruled and plaintiff's sustained. Judgment was entered for plaintiff as prayed. The defendant has appealed.

By five assignments of error the action of the court in entering judgment is as-

542

sailed. In various ways defendant contends that neither the pleadings of plaintiff nor the testimony supports the judgment entered, and in another assignment it is claimed that judgment should have been entered for defendant and not for plaintiff.

Those assignments which challenge the sufficiency of pleadings and the evidence must be sustained.

Plaintiff's petition asserts a cause of action on a check alleged to have been signed by defendant, payable to G. E. Eubanks at the Graham National Bank, in the sum of $400, upon presentation and demand. That the check was transferred and assigned to plaintiff for a valuable consideration, in due course of business, without notice of any defect in the title to same; that it was presented to the Graham National Bank, payment demanded and refused by the bank. Other allegations were made, but no testimony was offered in support of them, and they need not be discussed. The transcript discloses that immediately following counsel's name to the petition is this recitation:

"(Copy)
"Graham, Texas, February 19, 194—. No. 40
"The Graham National Bank
"Pay to
the order of   Cash $400.00  Four Hundred and 00/100 ...............Dollars
"For    No Account
                    "H. B. Street.
"Endorsed: G. E. Eubanks."

Defendant filed general demurrer and several special exceptions, all of which were overruled. He answered by general denial and special pleas of failure and want of consideration and that the check was given for a gambling debt. Because of the evidence revealed by the statement of facts, we need not pay further attention to the special pleas. The record does not disclose anything concerning the above quoted document following the petition. There is no reference in the petition thereto, nor does it purport to be an exhibit for any purpose. Defendant's brief explains it as being an instrument in form of a blank check filled out as it reads, fastened with a wire staple to the petition. This is not referred to in plaintiff's brief and we take it that defendant's contention is correct.

The only testimony offered by either party was that by plaintiff when he said: "I wish to offer this check into evidence, Your Honor." The defendant objected upon grounds, (1) that the check offered was payable to the order of cash, which is not a person, firm, corporation or association of persons or any one capable of taking the proceeds of a check, and (2) it is insufficient upon its face to be construed as a negotiable instrument under the laws of Texas. The objection was overruled and a check, in terms and figures like that above, was introduced. With this testimony both sides rested.

The variance between the instrument sued upon and the one offered in evidence is obvious. It is well settled that a judgment shall conform to the pleadings and the nature of the case proved. Article 2211, Vernon's Texas Civil Statutes. The proof must correspond with the pleadings and no amount of proof will support a judgment when there are no pleadings to support it. Middlebrook v. Zapp, 73 Tex. 29, 10 S.W. 732. Even if the objections urged by defendant to the introduction of the purported check were not sufficient to reveal to the court the real grounds counsel had in mind at the time, there being no pleadings upon which to base the proferred testimony, its admission without objection cannot form the basis for the judgment entered. Pleadings are as important to form the basis for a judgment as is evidence to support them. City National Bank of El Paso v. El Paso & N.E. Ry. Co., Tex.Civ.App., 225 S.W. 391, writ refused; Rudolph et al. v. Smith, Tex. Civ.App., 148 S.W.2d 225, and cases cited; see also authorities cited in notes under 25 Tex.Jur. section 98, page 474.

The quoted document shown above which perhaps was attached to plaintiff's petition without reference thereto adds nothing to the strength of the pleadings. If it was intended by plaintiff as an exhibit or to be a part of the pleading, it was necessary for him to so identify it by an appropriate reference thereto. 33 Tex. Jur. sections 15 and 16, pages 426 and 428.

This additional reason may be given why plaintiff's testimony is insufficient to support the judgment: To admit for argument's sake that his pleadings were sufficient to form the basis for the introduction in evidence of the check that was offered, that check was not a promise on the part of defendant to pay any person any amount, but at most was an order on the bank to pay the amount named out of

defendant's funds and charge the amount to him. In such circumstances it would be incumbent upon plaintiff to prove that he had presented the check to the bank for payment and that it was refused. This he did not do. Plaintiff must have realized the importance of the rule for he alleged that he had presented it for payment and that it was refused. That allegation was essential to his recovery on a check as in this case, and it was equally important that he prove it.

We overrule defendant's contention that we should render judgment for him, since the record before us clearly shows that the facts were not fully developed upon the trial. It is also apparent that since there is no insurmountable barrier between plaintiff and a recovery, and that the case was evidently tried upon the wrong theory as disclosed by the record, judgment should not be rendered by us, but should be remanded that substantial justice may be done. Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178, and Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031.

For the errors pointed out, the judgment of the trial court is reversed and the cause is remanded.