**Mrs. Anna Marie GENTRY, a widow, Appellant,**

v.

**Mrs. J. S. MONTALBANO et al., Appellees.**

**No. 14977.**

Court of Civil Appeals of Texas.

Houston.

May 4, 1967.

Frank G. White, Houston, for appellant.

Joe J. Newman, Houston, for appellees.

WERLEIN, Justice.

This is a trespass-to-try title suit brought by Mrs. Anna Marie Gentry against Mrs. J. S. Montalbano et al for the title and possession of Lot 62 in Block 1 of Oakwood, a Subdivision in the John S. Collins Survey, in Harris County, Texas, according to map thereof duly recorded in the office of the County Clerk of Harris County, Texas. The property in question is so described in a deed from Nellie M. Mills, a feme sole, to Anna Marie Gentry, dated October 5, 1962.

Appellant relying solely upon the record title, undertook to establish a regular chain of title from the sovereignty into her. The appellees filed answers pleading the three, five, ten and twenty-five year Statutes of Limitation. At the conclusion of appellant's evidence, the court withdrew the case from the jury and entered judgment for the lot in question in favor of the appellees. Appellant alleges that in doing so the court erred because there was evidence of a regular chain of title from the sovereignty of the soil to her.

Appellant introduced in evidence without limitation a dedication and map by L. E. Mills and the Houston Home Investment Company, a Texas corporation, labeled "Revised Map of Oakwood Addition and being out of the John S. Collin— Survey— 114 acres, in Harris County, Texas," such

tract of land consisting of one tract of 37⅔ acres, one tract of 60 acres, both conveyed to L. E. Mills by George D. Sears, individually and as executor, by deed recorded in Vol. 305, page 584 of the Harris County Deed Records, one tract of 5.32 acres conveyed to L. E. Mills by H. C. Arnold, and one tract of 5 acres conveyed to H. B. Rumsey. The aggregate of the acreage in the four tracts is less than 114 acres. This map and plat and dedication by Houston Home Investment Company and Louis E. Mills, also called L. E. Mills, and Nellie M. Mills, was filed and recorded in Vol. 10, page 6 of the Map Records of Harris County on May 9, 1929. It shows a lot designated as Lot 62, 50 by 150 feet, which faces 50 feet on Myrtle Avenue and has no other frontage. Myrtle Avenue intersects Holly Street, and the lot is the second lot from Holly Street. This plat was approved by the City of Houston Planning Commission May 7, 1929.

Appellant also introduced without limitation a dedication and map, which is also called a revised map of Oakwood Addition, dated May, 1929, and filed and recorded in Vol. 10, page 61 of the Map Records of Harris County on May 16, 1930. On this map lot 62 in Block 1 faces 50 feet on Farnsworth Street and runs back for depth of only 100 feet. It is the third lot from Simsbury Avenue, and has no frontage on any street except Farnsworth. This plat shows no approval by the City Planning Commission.

Appellant did not locate the lot that she is suing for on the ground, and we are unable to determine from the record where the lot in question is located. Both maps are dated in May, 1929, and the exact date of the plat last introduced is not shown. The location of Lot 62 in Block 1 on the two maps is entirely different. The deed from Nellie Mills to appellant does not state which map is referred to for description of the lot conveyed; nor does it locate the lot in any other way. We find no deed into Nellie Mills of Lot 62, Block

1 of Oakwood, nor to any other property in appellant's alleged chain of title.

Appellant asserts, however, that there is a regular chain of title from the sovereignty of the soil into Houston Home Investment Company and that in the deed to Home Investment Company, a corporation, dated March 31, 1933, at which time such company was in receivership, reference is made to the plat of Oakwood Addition to the City of Houston, recorded in Vol. 10 at page 61, Harris County Map Records. There is no evidence of probative force that in the deed from Nellie M. Mills to appellant such plat was used or observed. The deed makes no reference to the date or recordation of the plat Nellie M. Mills may have had in mind or intended to be used in locating the lot in question. Furthermore, the record does not disclose any deed from Houston Home Investment Company or its receiver to Nellie M. Mills.

Appellant introduced in evidence the receiver's inventory and appraisement filed in 1933 in the case of Conrad Trubenbach et al v. Houston Home Investment Company, No. 208,537 on the docket of the District Court of Harris County, Texas, and also the receiver's final report filed in the receivership. The inventory shows listed, among hundreds of lots, Lot 62 in Block 1, with a mortgage against it. The receiver stated in such report that there were some eight or ten revised plats of Oakwood Addition which had been recorded, and that he was designating all property according to the plat recorded in Vol. 10, page 61, Harris County Map Records. This, of course, constitutes no evidence that Nellie M. Mills in her deed to appellant did likewise.

The final report of the receiver dated July 7, 1949, states that all the capital stock of Houston Home Investment Company was originally owned by L. E. Mills and N. M. Mills, and was hypothecated by them before the receivership was granted. Nothing further is shown concerning such stock, and there is no evidence as

to the ownership thereof at the time of the dissolution of the corporation, if, in fact, it was ever dissolved voluntarily, involuntarily or by an administrative determination. 14 Tex.Jur.2d 645, Corporations, Sec. 548. The record before us further shows that the right of the company to do business in Texas was forfeited on July 2, 1932 for failure to pay franchise taxes. There is no evidence that the company's right to do business was revived or that its charter was forfeited, or that it was dissolved.

It is appellant's contention that the charter of the company was forfeited, and that at such time all of its property became the property of the stockholders of the company, Louis E. Mills and Nellie M. Mills, in proportion to their stock ownership. Appellant relies upon the case of Humble Oil & Refining Co. v. Blankenburg, 149 Tex. 498, 1951, 235 S.W.2d 891, and also Montgomery v. Heath, Tex.Civ.App. 1926, 283 S.W. 324, aff'd in part 291 S.W. 855. In Blankenburg the Supreme Court said:

"When a corporation is dissolved its property becomes the property of its stockholders in proportion to their respective shares, subject, however, to the rights of the creditors of the corporation whose debts must be satisfied out of the corporation property. Peurifoy v. Wiebusch, 132 Tex. 36, 41, 117 S.W.2d 773, and authorities there cited. The title rests in the stockholders, subject to the payment of the debts owed by the corporation."

In the instant case there was not enough property to satisfy the rights of the creditors of the corporation. The final report of the receiver of Houston Home Investment Company shows that the corporation was insolvent at the time it was placed in receivership and at the time the inventory and appraisement of the properties of the company was filed on March 11, 1933, and hopelessly insolvent at all times thereafter. It further shows: "That all the real estate described in said Inventory as being encumbered or mortgaged was either quit-claimed to the persons holding mortgage liens against the respective pieces of such encumbered properties in accordance with and on terms prescribed by orders of the Court entered herein, or was foreclosed on by the holders of such liens by sales under deeds of trust without any interference by this Receiver, the market value of such properties in each instance being less than the amount due on such mortgages." As hereinabove stated, the lot in question was mortgaged, but if we assume that it was unencumbered, it was sold and conveyed by the receiver acting under the orders of the court, as stated in paragraph III of the report as follows: "All the real property described in the Inventory as being unencumbered, as well as the waterworks and all the appurtenances thereto, have been sold and conveyed by the Receiver acting under the orders of this Court and entered herein."

As the result of such sales and the hopeless insolvency of the company, there was no property whatever for distribution to the stockholders of the company, assuming that the corporation was dissolved, since the liabilities of the company as shown in the final report of the receiver under date of July 7, 1949, far exceeded its assets.

Appellant introduced in evidence the will and probate proceedings in the Estate of Louis E. Mills, Deceased, showing that Mr. Mills left all of his property to his sister, Nellie M. Mills. The inventory of the Estate of Louis E. Mills does not list the property in question nor any property in Oakwood Addition; nor does it list any stock in Houston Home Investment Company which at that time was long since defunct. Also, there is no deed from such company or its receiver conveying the lot in question or any property in Oakwood Addition to Louis E. Mills.

█ It is elementary that in a trespass-to-try title suit the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's title. Street Realty Company v. Brown, Tex.Civ.

App., 291 S.W. 580, writ dism.; Mills v. Pitts, Tex.Sup. 1932, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319; Ainsworth v. Ruemke, 205 S.W.2d 647, writ ref., n. r. e.; Niendorff v. Wood, 149 S.W.2d 161, writ ref.; Pettis v. Achille, Tex.Civ.App. 1958, 313 S.W.2d 348, n. w. h.

■ Indulging every reasonable inference in favor of appellant, we are of the opinion that there was no evidence warranting submission of the case to the jury, and that the court did not err in withdrawing the case from the jury and in entering judgment in favor of appellees for the lot in question, since appellant failed to establish a good record title to the property into her.

Judgment affirmed.

COLEMAN, J., not sitting.