MIRACLE CANDLE COMPANY,
Appellant,

v.

INTERNATIONAL PAPER
COMPANY, Appellee.

No. 1355.

Court of Civil Appeals of Texas,
Tyler.

May 15, 1980.

Ricardo D. Palacios, Fansler, Reese, Palacios & Alvarado, Laredo, for appellant.

John E. Fitzgibbon, Laredo, for appellee.

McKAY, Justice.

Appellee International Paper Company brought suit in the form of a sworn account against appellant Miracle Candle Company alleging that appellant owed appellee $6,493.49 as the unpaid balance of an obligation.

Pleadings of appellee alleged the parties entered into a contract for the sale and purchase of a boxing machine for the sum of $12,500; that appellant had made partial payment on such machine but there was a balance of $6,493.49 due and unpaid; that appellee had a security interest in the boxing machine; and that appellee was entitled to attorney's fee. Attached to appellee's pleading was an affidavit of an offer of appellee stating on oath that "the annexed account aggregating $6,493.49 is within his knowledge, just and true, that it is due and unpaid, and that all lawful offsets, payments, and credits have been allowed." A copy of the contract with statement of account was attached to the petition.

Appellant answered by general denial, and by the affirmative defense that a dispute arose between the parties as to the amount appellant owed appellee, and that the amount owed was negotiated, and liquidated, and as liquidated, had been paid by appellant. Appellant also pled there was a novation, and that under such novation appellant fully performed and is not indebted to appellee. There was no counter-affidavit to the sworn account.

Trial was to the court and judgment was rendered for appellee for $6,493.49; the judgment further provided that appellee had title to the boxing machine and is entitled to foreclose its security interest in same.

The trial court made findings of fact that (1) there was a contract between the parties for the purchase of the machine; (2) the purchase price was $12,500; (3) appellant paid $6,379.89 toward the purchase price; and (4) the appellant owes and has not paid $6,493.49 to appellee. Conclusions of law were: (1) appellant breached the contract and is indebted to appellee in the amount of $6,493.49; (2) title to machine is in appellee

and appellee is entitled to foreclose; (3) appellant failed to prove that the amount claimed by appellee was negotiated and liquidated, and that such liquidated amount has been paid; (4) appellant opened the door to the introduction of appellee's testimony regarding a unilateral mistake by its theory of novation; and (5) appellant waived its objection to testimony relative to a mistake.

Appellant brings two points of error: (1) there is no evidence or insufficient evidence to support the finding that appellant breached its agreement and is indebted to appellee, and that appellee is entitled to foreclosure; and (2) there is no evidence or insufficient evidence to support finding that appellant failed to prove a liquidated amount and payment. Appellant also brings a reply point that appellee pled and tried its case as a suit for breach of contract and not as an open account, obviating the applicability of a verified denial, and appellant pled and proved affirmative defenses that rebutted appellee's case.

In support of its points appellant argues that there is a complete lack of evidence that it breached the agreement with appellee inasmuch as appellee's letter to appellant proposing payment of the same amount sued for would discharge appellant's obligation, and that appellant paid to appellee such amount in full payment of its obligation. Appellee argues that this is a sworn account case, that appellant did not file a sworn denial as required by Rule 185, T.R. C.P., and therefore an unverified denial would not overcome appellee's prima facie case nor permit evidence to contradict it. In reply appellant says that appellee's suit was on a special contract and therefore could not be brought as a sworn account, and that it was not necessary for appellant to file a verified denial.

Rule 185, T.R.C.P., provides that the allegations in the affidavit of one who brings a suit on sworn account shall be taken as a prima facie evidence unless the resisting party shall file a verified denial in specific language. The rule in Texas seems to be that a sworn account suit was not proper in the instant case.

"It has been held that a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other and the relation of debtor and creditor is thereby created by general course of dealing (which may include only one transaction between the parties). *It does not mean transactions between parties resting upon special contract.*" *Meaders v. Biskamp,* 159 Tex. 78, 316 S.W.2d 75, 78 (1958). (Emphasis added)

Other cases following *Meaders* are *Langdean v. Bouknight,* 162 Tex. 42, 344 S.W.2d 435, 441 (1961); *Longview Construction and Development, Inc. v. Loggins Construction Co.,* 523 S.W.2d 771, 778 (Tex.Civ.App.-Tyler 1975, no writ); *Hollingworth v. Northwestern National Insurance Co.,* 552 S.W.2d 242, 244 (Tex.Civ.App.-Texarkana 1975, no writ) and cases cited.

Appellee, in bringing suit on sworn account, attached to its pleading a copy of a special contract, and referred to the contract in such pleading. It is our view that appellee was not entitled to bring the suit as a sworn account inasmuch as it is undisputed that it was founded upon a special contract. It follows that if appellee was not entitled to bring this action as a sworn account it was not necessary that appellant file a sworn denial in order to join issue. Issue was joined by appellant's general denial and the assertion of an affirmative defense. Appellee was then required to make proof of the contract.

We have carefully reviewed the evidence and we are of the opinion that there is insufficient evidence to support the conclusion that appellant breached the contract and is indebted to appellee in the amount of $6,493.49. Upon objection by appellant the trial court ruled that any and all evidence of mistake by appellee in billing or representing that a payment of $6,379.89 would discharge all indebtedness was held to be inadmissible because it was not pled, and

the only evidence otherwise in the record was the contract itself.

Appellant introduced into evidence the letter from appellee stating that "Upon receipt of your check for $6,379.89 paying Invoice No. 184–0578 dated October 18, 1974, we will issue you a clear title on the tray-former machine." It was undisputed that this letter was sent and received. There was no evidence (under the court's ruling) that the letter upon which the appellant relied and paid was written by mistake. The trial court apparently tried the case upon the sworn account theory, and in our view that was the wrong theory under the record. Under the erroneous sworn account theory the trial court apparently refused to consider appellant's pleaded defense of compromise and settlement and novation.

Having concluded that the case was tried upon the wrong theory the case has not been fully developed and it appears that the ends of justice would be best served by another trial so that the controlling fact issues may be properly determined. *Colbert v. Dallas Joint Stock Land Bank of Dallas*, 129 Tex. 235, 102 S.W.2d 1031, 1036 (1937); *Peurifoy v. Wiebusch*, 132 Tex. 36, 117 S.W.2d 773, 776 (Tex.Com.App.1938, opinion adopted); *Waldo v. Galveston H. & S.A.Ry. Co.*, 50 S.W.2d 274 (Tex.Com.App. 1932, holding approved); *Cape Conroe, Ltd. v. Specht*, 525 S.W.2d 215 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ, *overruled on other grounds, Woods v. Littleton*, 554 S.W.2d 662, 668 (Tex.1977); *Primitive Baptist Church at Fellowship v. Fla-Tex Corporation*, 158 S.W.2d 549, 555 (Tex.Civ. App.-Fort Worth 1942, writ ref'd W.O.M.); *Street v. Cunningham*, 156 S.W.2d 541, 543 (Tex.Civ.App.-Fort Worth 1941, no writ).

Judgment of the trial court is reversed and the cause is remanded to the trial court.