The present statute (article 2246, Rev. Stat. 1925) does not require such extension to be by order entered of record in the minutes of the trial court, neither did its corresponding old article 2073, Rev. Stat. 1911, as amended by section 7, c. 119, of the Acts of the Thirty-Second Legislature, in construing which this section of the Commission of Appeals speaking through Presiding Judge McClendon, in Robertson v. Lee, 249 S. W. 217, 218, uses the following language:

"The trial judge had the power, at the time he ordered the bills filed, to enter an extension order, which would authorize their filing. R. S. art. 2073. But it is contended that in the absence of such order the bills were filed too late. To sustain this contention would, in our opinion, be out of harmony with the spirit of the decisions of our Supreme Court, which have uniformly given a liberal construction to rules and statutes governing matters of procedure, requiring only that they be substantially complied with. Stephens v. Herron, 99 Tex. 63, 87 S. W. 326; Hamill v. Samuels, 104 Tex. 46, 133 S. W. 419.

"Each of the bills contained an order to the clerk that it be filed as a part of the record in the case. These orders were in themselves tantamount to an order extending the time for filing, and substantially met every requirement of the statute. A formal order extending the time would have added nothing to the substance of what the judge had already done, and would have been an act of supererogation. Its absence affected no right or interest of any of the parties, and to require it could be defended only on highly technical grounds. We think the Court of Civil Appeals was in error in striking out the bills."

This rule was correctly followed by the Waco Court of Civil Appeals in Kennedy v. Wheeler, 268 S. W. 522.

In Golden West Oil Co. v. Golden Rod Oil Co., 285 S. W. 627 (affirmed in an opinion by Judge Bishop of Section A, Commission of Appeals, 293 S. W. 167), the precise question of whether approval by trial judge of a statement of facts presented to him after refusal of attorney for defendant in error to sign them, because not presented in time and incorrect and incomplete, amounted to an extension of time for filing, under paragraph 3 of article 2246, Rev. Stat. 1925, was before the Fort Worth Court of Civil Appeals, and correctly answered in the affirmative.

We therefore recommend that the question be answered in the affirmative.

CURETON, C. J. The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

ROGERS–HILL & CO. v. SAN ANTONIO HOTEL CO. (No. 1053—5258.)

Commission of Appeals of Texas, Section B. Jan. 29, 1930.

Dodson & Ezell and Church, Lawley & Graves, all of San Antonio, for plaintiff in error.

Carter & Lewis and Cunningham, Moursund & Johnson, all of San Antonio, for defendants in error.

SPEER, J. Rogers-Hill & Co. a copartnership, brought this suit against San Antonio Hotel Company, a corporation, to recover the sum of $70,000 as brokers' commission for procuring a purchaser for the Gunter Hotel property in the person of T. B. Baker. The plaintiffs alleged an express contract with the corporation through its president, L. J. Hart, to pay a commission of 5 per cent. in the event of their procuring a purchaser for the property, and in the alternative that the corporation and its stockholders, after having full notice that they, the brokers, had procured Baker as a prospective purchaser of the property, and after full notice that they would expect a brokers' commission in the event the property was sold to Baker, consummated the sale of the property to Baker, and sought to recover the commissions upon an implied promise to pay them.

The trial court, at the conclusion of the evidence, instructed a verdict for the defendant, upon which judgment was entered. The Court of Civil Appeals affirmed that decision, Chief Justice Fly very correctly saying: "The only vital question in the case is, Were any facts presented by appellants which required a submission of the evidence to the jury?" 7 S.W.(2d) 601, 602.

Plaintiffs in error have presented a large number of assignments, but they are all encompassed within the one question whether or not the facts in evidence presented any issue for submission to the jury.

We have carefully considered the testimony, and are of the opinion the trial court erred in refusing to submit the case, and the Court of Civil Appeals erred in approving that refusal. Much stress was laid in the oral argument upon the point that the president of the corporation, as such, has no authority to convey all its property, and, indeed, that the directors have no power to confer such authority upon him, or any other person, as against the stockholders, whose primary right is to have the business of the corporation carried on, and not terminated. This is true, in a sense, but not absolutely. A corporation is the creature of the statute, and as a legal entity has full power to own property within the purposes of its creation, and such ownership is in the corporation as such and not in the stockholders. The stockholders, as contradistinguished from the corporation, may, and do, have rights in its property; but they are of equitable cognizance, and, barring such equitable considerations, the corporation has, as an incident to the ownership of property, the same powers as a natural person to dispose of or alienate the same. 14a Cor. Jur. p. 521, § 2416, and page 523, § 2418. Indeed, while the corporation is a going concern, there is no other way to convey its property.

It is no doubt true that the general powers of the officers of a corporation would not ordinarily include the right to dispose of all its property, but it does not follow from this that such right could not be conferred upon them by the interested persons. These things being true, it also follows that a sale of the corporate properties by its directors, even without any semblance of authority, the title being in the corporation, could be ratified by those who otherwise might have just cause to complain.

The evidence in this case is voluminous, and no useful purpose could be subserved by quoting it to any extent. There is evidence from which the jury would be authorized to find that the plaintiffs procured the purchaser, T. B. Baker, and that the defendant corporation consummated a sale of its property to him under such circumstances as to imply an agreement to pay the reasonable brokers' commissions therefor.

In the nature of their rights, even the stockholders themselves having, through the officers of the corporation, accepted the services of plaintiffs in error under circumstances implying a promise to pay therefor would be bound. But no question of the possible right of any individual stockholder is before us, for none has complained; but, so far as the record shows, all stockholders are perfectly satisfied with the sale of the hotel property, and we must view the transaction as though the corporation alone was involved.

The principle is well established that, where one receives a benefit by accepting the services of another, even though performed in pursuance of an invalid or illegal contract, nevertheless such person is bound upon the plainest principles of equity for the reasonable value of such services. The principle has been often stated and applied, but no more clearly than in Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841. Of course, in determining the question before us, we have laid aside the very positive and abundant testimony of defendants, and considered only the testimony of plaintiffs and those circumstances which in their most favorable light would benefit the plaintiffs.

We recommend that the judgments of the trial court and of the Court of Civil Appeals be reversed, and judgment be here rendered, remanding the cause to the trial court for another trial, not inconsistent with this opinion.

CURETON, C. J. Judgments of the District Court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.