T. R. COLBERT V. THE DALLAS JOINT STOCK LAND BANK OF DALLAS.

No. 7197. Decided March 3, 1937.
Rehearing overruled March 31, 1937.
(102 S. W., 2d Series, 1031.)

236

*Scarborough & Fly,* of Abilene, for plaintiff in error.

Where a judgment is reversed upon the ground that an essential fact issue was not found by the jury nor its submission requested, if there is any evidence that the fact exists in support of the judgment, it was error for the Court of Civil Appeals to render judgment in favor of the prevailing party on appeal. Associated Oil Co. v. Hart, (Com. App.) 277 S. W. 1043; Houston E. & W. T. Ry. Co. v. Barr, 18 S. W. (2d) 697; Sun Oil Co. v. Bennett, 125 Texas 540, 84 S. W. (2d) 447.

It was error for the Court of Civil Appeals to overrule and not sustain appellee's assignment of error in that court to the effect that the vice president of the bank acted within the scope of his authority in employing Colbert to sell the property under an agreement to pay him a commission and that Colbert was the procuring cause of said sale and that the bank made the conveyance upon terms satisfactory to itself and with notice and knowledge of the efforts which had been made by Colbert and had accepted such services and that it could not now deny the making of the employment. Bankers' Trust Co. v. Cooper, 179 S. W. 541; Crabb v. Uvalde Paving Co., 23 S. W. (2d) 300; Murray Co. v. Dobbs, 56 S. W. (2d) 233.

*McCombs, Andrews & Johnson,* of Dallas, for defendant in error.

MR. JUDGE SMEDLEY, of the Commission of Appeals, delivered the opinion for the Court.

The nature of the suit and the result of the trial in district court are thus stated in the opinion of the Court of Civil Appeals:

"The plaintiff, T. R. Colbert, instituted this suit against the Dallas Joint Stock Land Bank, a corporation, to recover a broker's commission for services alleged to have been rendered the defendant in the sale of 8,117 acres of land, known as the 'R. V. Colbert ranch' in Jones and Haskell Counties. The trial was before the court and jury and upon answers of the latter to special issues a judgment was rendered for the plaintiff. The bank appeals.

"The verdict of the jury finds (1) that G. D. Gay, vice president of the bank, employed plaintiff, T. R. Colbert, to sell the ranch; (2) that said Gay told Colbert that he would be paid a commission for such sale; (3) that Colbert 'was the procuring cause of the sale of an undivided one-half interest in the Colbert ranch by the Dallas Joint Stock Land Bank to G. C. Carothers'; and (4) that 5 per cent. 'was the usual and customary agent's commission,' etc. The judgment entered in favor of Colbert was for $1,420.45. This was evidently based upon the sale of one-half of the ranch, although the petition sought recovery of $2,840.50 as for sale of the entire ranch. The bank sold the entire ranch to Hardy Grissom and said G. C. Carothers in undivided interests for a consideration of $56,-825.30."

The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of the bank that Colbert take nothing by his suit. 98 S. W. (2d) 239. In reaching its decision the Court of Civil Appeals held: first, that the record contains no evidence that the bank by any official act ever conferred upon Gay, its assistant vice president, express authority to employ Colbert as broker to sell the land; second, that if there was evidence tending to prove that Gay was authorized to employ Colbert the issue was waived by Colbert in failing to request the court to submit such issue to the jury, it being an issue essential to Colbert's recovery; third, that the sale by the bank of an undivided one-half interest in the land to Carothers was not a ratification of Gay's attempt to make an express contract with Colbert for the sale of the entire interest in the land; fourth, that if the issue of ratification was raised by the evidence, Colbert waived it by failing to request its submission; fifth, that there was a fatal variance between the pleadings and the judgment, in that Colbert's petition declared upon an express contract for the sale of the entire

interest in the land, without presenting an alternative cause of action for recovery on quantum meruit, and judgment was rendered for a commission on account of the sale of a one-half interest; and sixth, that the court was required by the terms of Article 1856, Revised Civil Statutes of 1925, to render judgment rather than to remand the cause for a new trial.

The errors assigned in the application for writ of error relate to the ruling of the Court of Civil Appeals that the petition does not state a cause of action on quantum meruit, to the action of that court in rendering judgment instead of remanding the cause, and to the holding of the Court of Civil Appeals that the judgment of the trial court should be reversed on account of the absence of a jury finding that Gay was authorized to enter into the contract of employment with the plaintiff.

1 We do not agree with the conclusion of the Court of Civil Appeals that the petition fails to allege facts presenting a cause of action for recovery on quantum meruit. We construe the petition as alleging two causes of action, one for recovery on the contract made by the plaintiff *with Gay and the other for recovery, on contract implied by law, of the reasonable value of the services performed by the plaintiff and accepted by the bank. The petition is not in strict compliance with Articles 1997 and 2003 of the Revised Civil Statutes, for it does not contain logical and concise statements of the two causes of action. The allegations of facts to support the right of recovery for the value of the services rendered for and accepted by the bank are not distinctly separated from the allegations which relate to the express contract. Better order, more certainty and greater clarity would have been attained had the two causes of action been set out in separate counts; and if a special exception had been directed to the petition for the failure of the pleader to allege the two causes of action in separate counts, the trial court should have sustained it. But a petition which alleges facts constituting a cause of action on an express contract and facts constituting a cause of action on quantum meruit is not subject to general demurrer, not fatally defective, on account of the failure of the pleader to set out the two causes of action in separate counts, or to plead them in the alternative, unless the averments are inconsistent and thus contradict and falsify themselves. See: Rowe v. Horton, 65 Texas 89; Barry v. Screwmen's Benevolent Association, 67 Texas 250, 254, 3 S. W. 261. There is no fatal inconsistency between the allegations in the plaintiff's petition in this case relating to the express contract and the allegations which form the grounds of the action on

quantum meruit.

**2** Neither the statutes nor the rules make the use of separate counts or pleading in the alternative mandatory. They contemplate primarily the allegation of the facts out of which the rights of the plaintiff have grown and do not require the presentation of the theory or theories of law applicable to the facts alleged or that the allegations of fact be fitted into a form or forms of action. Articles 1997, 2003, Revised Civil Statutes 1925; Edgar v. Galveston City Co., 46 Texas 421; O'Neal v. Bush & Tillar, 108 Texas 246, 255-256, 173 S. W. 869, 191 S. W. 1133; White v. Texas Motor Car & Supply Co., (Com. App.) 228 S. W. 138. Rule 4 for district and county courts (Smoot's Texas Court Rules, p. 349) provides that the plaintiff in his petition "may state all of his facts, so as to present together different combinations of facts, amounting to a cause or causes of action, as has been the usual practice, or he may state the cause or causes of action in several different counts, each within itself presenting a combination of facts, specifically amounting to a single cause of action, which, when so drawn, shall be numbered, so that an issue may be formed on each one by the answer." This rule is so phrased as to give to the plaintiff the option either to state all of his facts together, even though they present more than one cause of action, or to state his causes of action in separate counts, each alleging within itself the combination of facts amounting to a single cause of action. The practice suggested by the second part of the rule is preferable in the interest of certainty and clarity and it avoids destructive contradiction in inconsistent averments. See: Stayton's Method of Practice in Texas Courts, Sec. 85, pp. 80-82; Action, Cause of Action, and Theory of the Action in Texas, by W. Page Keeton, 11 Tex. Law Rev., pp. 286-291.

**3** The express contract alleged by the plaintiff in his petition is that Gay, vice president of the bank, acting for the bank and with authority, employed Colbert as agent to sell the ranch and agreed to pay him a commission. The contract was for the procuring of a purchaser of the entire ranch or the entire interest in it. In the trial court judgment was rendered in favor of plaintiff as compensation for his services in procuring a purchaser of an undivided one-half interest in the ranch. The Court of Civil Appeals correctly held that the plaintiff, suing on an entire contract, can not recover on the contract when he has only partially performed, unless complete performance has been prevented by the other party to the contract. Childress v. Smith, 90 Texas 610, 616, 38 S. W. 518, 40 S. W. 389;

Dodds & Wedegartner v. Reed, 69 S. W. (2d) 165; 10 Tex. Jur., pp. 410-411, Sec. 235, pp. 445-446, Sec. 259. There is no pleading, and no effort was made to prove, that Colbert was wrongfully prevented by the bank from procuring a purchaser for the entire interest in the property.

4 Examining the petition for allegations of facts from which the law will imply a promise to pay the value of Colbert's services, we find first the allegation that he was employed by the vice president to procure a purchaser of the ranch. The fact so alleged, even in the absence of proof of Gay's authority to act for the bank, is relevant in support of an action on quantum meruit, as it tends to prove that the services were rendered for the bank. Henrietta National Bank v. Barrett, 25 S. W. 456 (application for writ of error refused). The petition further alleges: that pursuant to such employment Colbert procured as a purchaser G. C. Carothers, who bought the property on terms and for a price, $56,819.00, acceptable to the bank; that Carothers was joined in the purchase by Hardy Grissom, Carothers and Grissom buying the property jointly; that Colbert brought the seller and the purchasers together and was the procuring cause of the sale being made to Grissom as to the interest acquired by him and of the sale being made to Carothers as to the interest acquired by him, and that the sale would not have been made to either of the purchasers without Colbert's efforts; that the agreement for Colbert's employment was known by the bank and particularly by its president, and that the bank, with knowledge of the agreement and of Colbert's efforts to sell the property to Carothers and Grissom, each and both of them, sold the land to said purchasers and accepted the fruits of Colbert's efforts with full knowledge of the facts; and that the usual, reasonable and customary commission for the sale of land in the vicinity, as defendant knew, was 5 per cent. of the sale price.

5 Texas is one of the States that have adopted the doctrine of Britton v. Turner, 6 N. H. 481, 26 Am. Dec. 713, that one who has but partially performed an entire contract may recover on quantum meruit the reasonable value of the services rendered and knowingly accepted, in an amount not exceeding the contract price, with the right accorded the defendant to recoup or reconvene his damages for the breach of the contract by the plaintiff. Carrol v. Welch, 26 Texas 147; City of Sherman v. Connor and Oliver, 88 Texas 35, 29 S. W. 1053; Cotton v. Rand, 93 Texas 7, 51 S. W. 838, 53 S. W. 343; Henrietta National Bank v. Barrett, 25 S. W. 456 (application for writ

of error refused) ; Markham Irrigation Co. v. Brown, (Com. App.) 292 S. W. 863; Rogers-Hill & Co. v. San Antonio Hotel Co., (Com. App.) 23 S. W. (2d) 329; 10 Tex. Jur., pp. 410-412, Sec. 235.

6 Such being the rule in this State, the allegations in the petition, the substance of which has been set out, state a case for recovery of the value of the services performed by Colbert in procuring Carothers as a purchaser of an undivided one-half interest in the land, although Colbert undertook in his agreement with Gay to procure a purchaser for the entire interest. The allegations in the petition as to the authority of Gay to bind the bank by the contract of employment are not essential to the right of the recovery on quantum meruit. The right does not grow out of the contract, but is independent of it. It is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted. 5 C. J., p. 1389, Sec. 21; 28 R. C. L., pp. 668-669, Secs. 3-4. If the essential allegations of fact appearing in the petition are established, that is, that valuable services were rendered by Colbert for the bank and that the bank knowingly accepted them, or the benefit of them, the value of such services may be recovered on quantum meruit even though the contract of employment is unenforceable on account of Gay's want of authority to make it or for some other reason. Henrietta National Bank v. Barrett, 25 S. W. 456 (application for writ of error refused) ; Rogers-Hill & Co. v. San Antonio Hotel Co., (Com. App.) 23 S. W. (2d) 329.

The jury's answer that Colbert was the procuring cause of the sale to Carothers of the undivided one-half interest in the ranch was, in effect, a finding that Colbert rendered valuable services for the bank. There is evidence in the record supporting this finding. Such evidence will not be discussed in detail, but some of it will be mentioned in the succeeding paragraph. We, of course, express no opinion as to the sufficiency of the evidence.

There is no finding of the jury that the bank, knowing of the services performed by Colbert, accepted the benefit of such services in making the sale to Carothers and Grissom, although there is evidence which raises this issue. Colbert testified that after his employment by Gay he made an engagement with Carothers, took him all over the ranch, showing him the farming land, the water holes, tanks and windmills and pointing out the good qualities of the ranch; that he told Carothers the terms on which he thought the property could be bought; and that he immediately telephoned the president of the bank, telling him of his efforts to sell the ranch to Carothers, and that

the president told him to get an offer from Carothers and submit it. Colbert further testified that a short time thereafter he advised Riley, land salesman for the bank, of his efforts to sell the ranch to Carothers and that he had no opportunity to get an offer from Carothers and submit it, because "Riley came along and closed the deal with Mr. Carothers." It is shown by the testimony of Riley and Carothers that, within two months from the time when Colbert showed the ranch to Carothers, Riley closed the sale very soon after he had talked to Carothers and without any further inspection of the ranch by Carothers. The evidence mentioned is not undisputed, as Gay testified that he did not employ Colbert to find a purchaser and Riley testified that he knew nothing of Colbert's efforts to make a sale to Carothers when he closed the contract for the sale to Grissom and Carothers.

7 Thus the question whether the bank knowingly accepted the benefit of Colbert's services became an issue of fact. Its submission to the jury was not requested. In such state of the record a judgment in Colbert's favor on quantum meruit can not be sustained, unless the fact that the bank knowingly accepted the benefit of Colbert's services may be deemed, under the provisions of Article 2190 of the Revised Civil Statutes, as found by the trial court in support of its judgment.

Notwithstanding the deliberate effort of the Court to settle, in Ormsby v. Ratcliffe, 117 Texas 242, 1 S. W. (2d) 1084, confusion then existing as to the construction of Article 2190, there are inconsistencies and apparent conflicts in the later decisions construing that statute and applying the rule announced in Ormsby v. Ratcliffe. The elaborate opinion of Chief Justice McClendon in Panhandle & S. F. Ry. Co. v. Friend, 91 S. W. (2d) 922, contains a thoughtful discussion of the conflicting views expressed in the decisions and gives a clear statement and explanation of the construction placed on the statute in Ormsby v. Ratcliffe. Many decisions on this important rule of practice are cited and conflicts noted in a carefully prepared comment by Ben G. Sewell in 14 Texas Law Review, pp. 538-544.

8 We shall not undertake to reconcile apparent conflicts in the decisions, because we are convinced by an examination of them that there is no considerable misunderstanding of the rule announced by Ormsby v. Ratcliffe. The inconsistencies or conflicts are in the applications of the rule, and they are caused usually by difficulty, or difference of opinion as to whether the issue under consideration in the particular case constitutes an inde-

pendent ground of recovery (or defense) or is merely an issue which is incidental to, or a component part of, a complete or independent ground of recovery (or defense). It is very clearly held in Ormsby v. Ratcliffe and in many other cases that the provision of Article 2190 that "an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence sustaining such finding," has no application to an unsubmitted issue which is an independent ground of recovery, or defense, and that such issue can not be deemed as found by the court in support of the judgment.

9 It is our opinion that the issue as to the bank's acceptance of Colbert's services, or of the benefit of his services, is in this case an independent ground of recovery. This issue is the very gist and basis of the right to recover on quantum meruit. The right is founded upon the rule that it would be inequitable for one who has accepted the services of another to refuse to pay for them. 10 Tex. Jur., p. 412, Sec. 235. Such issue can not be regarded as supplemental or incidental to the issues which were submitted and answered.

We believe that the omitted issue is not to be treated as incidental to the issues which were submitted and answered, for the additional reason that the case was tried on the theory that there could be recovery on the contract, and the issues submitted and answered (one that Colbert was employed by Gay, another that Gay promised to pay a commission, and another that Colbert was the procuring cause of the sale) evidently were intended to present and support the cause of action on contract. They are referable primarily to that ground of recovery and, in determining the question under consideration, are not to be regarded as component elements of the cause of action on quantum meruit. We conclude, therefore, that the issue made by the pleadings and evidence as to the bank's acceptance of the benefit of Colbert's services is not to be deemed as found by the trial court in support of the judgment.

10 The Court of Civil Appeals should have remanded the cause for new trial instead of rendering judgment. Williams v. Safety Casualty Co., 129 Texas 184, 102 S. W. (2d) 178, recently decided. It appears that the justice of the case demands another trial, the case having been tried upon the wrong theory and it being necessary that the controlling matter of fact above discussed be determined.

11 The statement is made in the opinion in Ormsby v. Ratcliffe, and in other decisions, that a party who fails to request

the submission of an omitted issue which constitutes a complete ground of recovery or a complete defense thereby waives that ground of recovery or ground of defense. He does waive it to the extent that on his appeal from an adverse judgment the failure of the trial court to submit the issue can not be urged by him as a ground for reversal, and to the extent that, on the appeal of the other party, the omitted issue may not be deemed to have been found by the trial court in such manner as to sustain an erroneous judgment in his favor. But such waiver by the litigant in no way changes or affects the duty of the appellate court to remand the cause for trial if in its opinion the cause should be remanded in order that justice may be done. Waldo v. Galveston, H. & S. A. Ry. Co., (Com. App.) 50 S. W. (2d) 274, 277.

The judgments of the district court and the Court of Civil Appeals are reversed and the cause is remanded to the district court for another trial.

Opinion adopted by the Supreme Court March 3, 1937.

Rehearing overruled March 31, 1937.