Abraham MONTES, Appellant,

v.

**NAISMITH AND TREVINO CONSTRUC-
TION COMPANY, Appellee.**

No. 542.

Court of Civil Appeals of Texas,
Corpus Christi.

Sept. 24, 1970.

Rehearing Denied Nov. 19, 1970.

Jack P. Kelso, Corpus Christi, for appellant.

Auforth & Bonniwell, Fred C. Auforth, Corpus Christi, for appellee.

OPINION

SHARPE, Justice.

This suit was brought by appellee, Naismith and Trevino, a corporation, to re-

cover $3835.36 for labor performed and materials furnished on the homestead of appellant Abraham Montes (sometimes referred to as Abe Montez), for attorney's fees and foreclosure of lien. After nonjury trial, judgment was rendered for appellee in the amount of $1760.00 expressly based upon quantum meruit plus attorney's fees of $550.00. Appellee waived its claim for foreclosure of lien because it was undisputed that no written contract had been entered into prior to furnishing of the labor and materials in question. The trial court filed findings of fact and conclusions of law.

Appellant asserts six points of error. Points one through five contend that the evidence is legally and factually insufficient to support findings of fact numbers 6, 15, 16, 17 and 18. The remaining findings are not challenged. Point six asserts that the court erred in its conclusions of law because as a matter of law appellant was entitled to judgment under the undisputed facts.

We have concluded that reversible error is not presented by appellant's points and that the judgment should be affirmed.

The evidence introduced on the trial of the case consisted of the testimony of four witnesses and a number of exhibits, including records of the labor and material furnished by appellee. The testimony of two witnesses related only to the question of attorney's fees. The remaining two witnesses were appellant Montes and Eben H. Trevino, president of appellee corporation.

The background facts may be briefly stated as follows. Appellant, Montes, and one Abdon Perez, during or about the month of August, 1968, conducted oral negotiations for Perez to furnish labor and material and make certain improvements on the home of Montes for the amount of $3560.00. A written agreement was never executed by the parties, and in such connection Montes testified as follows:

"Q So then Mr. Perez entered upon this job based upon some oral agreement that you and he had but not based upon any written agreement that you and he had?

A No, there was never an agreement on account that when he did bring it down in writing he had left several of the agreed construction things that was supposed to have been performed off and he always took the contract back to complete this in the contract and he never did."

Perez arranged for appellee Naismith and Trevino to do the work on the job. After being paid $1800.00 by Montes, Perez withdrew from the transaction. Appellee furnished labor and materials to Montes of the reasonable value of $3835.36, for which amount demand was made and suit thereafter brought against him. The judgment of the trial court in favor of appellee for $1760.00 represents the difference between $3560.00, the price orally agreed upon by Montes and Perez for the work to be done, and the amount of $1800.00 paid by Montes to Perez.

The twenty-one findings of fact and two conclusions of law made by the trial court read as follows:

## "I. FINDINGS OF FACT

1. At all relevant times, Naismith and Trevino Construction Company, is a Texas Corporation engaged in general contracting business in and around Corpus Christi, Texas.

2. Abdon Perez was an individual doing business as Perez Construction and Re-modeling Company who orally agreed to perform certain home improvements for the Defendant, Abe Montez.

3. That Perez and Montez agreed upon a price for the work of $3,560.00.

4. Montez paid Perez the sum of $1,800.00 only during the course of the work.

5. Perez contacted the Plaintiff, Naismith and Trevino, and arranged for it to furnish all of the labor and materials in the prosecution of the job which Naismith and Trevino did.

6. That prior to Naismith and Trevino's completion of the job Perez withdrew from any further contact with the job.

7. That Perez did not pay Plaintiff, Naismith and Trevino, any money for their labor and materials.

8. That Plaintiff, Naismith and Trevino, furnished labor and materials to Defendant, Montez at and on his residence of the reasonable value in Nueces County, Texas, of $3,835.36.

9. That Plaintiff, Naismith and Trevino, substantially completed the work assigned them.

10. That Plaintiff, Naismith and Trevino, satisfactorily completed the work assigned them.

11. That materials and labor furnished by Naismith and Trevino to and on the residence of Defendant Montez were used and enjoyed and are presently used and enjoyed by Montez.

12. That the improvements and labor furnished by Naismith and Trevino enhanced the Defendants residence in at least the sum of $3,835.36.

13. That labor and materials furnished by Naismith and Trevino to and on Defendants residence were accepted by the Defendant.

14. That of the price of $3,560.00 Montez owed a balance of $1,760.00 which he was aware of.

15. That Montez accepted the labor and materials of Naismith and Trevino knowing that their value exceeded what he had paid Perez by at least the sum of $1,760.00.

16. That Montez knew Naismith and Trevino had not been paid any money by Perez.

17. That Montez knew, or reasonably should have known that Naismith and Trevino expected to be paid for their services by Montez in light of the abandonment by Perez.

18. That Naismith and Trevino continued working with the full knowledge and consent of Montez after Perez had left the job.

19. That Naismith and Trevino looked to Montez for payment, if not of their total bill, for at least the sum of $1,760.00.

20. That Naismith and Trevino were reasonable in their expectations of payment by Montez.

21. Naismith and Trevino invoiced Montez on the termination of their work, 11–29–68.

## 11. CONCLUSIONS OF LAW

1. Plaintiff, Naismith and Trevino, should recover from the Defendant Montez the sum of $1,760.00 which constitutes a difference between the agreed price of $3,560.00 and $1,800.00 actually paid by Defendant thereof.

2. Plaintiffs Naismith and Trevino should recover reasonable attorney's fees in the amount of $560.00."

■ Appellant's six points are briefed together. There is no separate statement or argument under any one of them. References are made to the Statement of Facts in but two paragraphs of appellant's brief and such references are not specifically related to any particular point of error. In this situation the Court is only required to pass on the merits of the points of error in the light of the statements made in appellant's brief. See Saldana

v. Garcia, 155 Tex. 242, 285 S.W.2d 197 (1955); Watson v. Godwin, 425 S.W.2d 424 (Tex.Civ.App., Amarillo, 1968, wr. ref. n. r. e.).

◼ Recovery was granted to appellee in this case under the theory of quantum meruit. In this Court no question has been raised concerning the sufficiency of appellee's pleadings to support a recovery on that theory. The pleadings herein are similar to those in Bratcher v. Moore, 219 S.W.2d 527 (Tex.Civ.App., Amarillo, 1949, n. w. h.). The essential elements of recovery under quantum meruit are: (1) Valuable services were rendered or materials furnished, (2) for the person sought to be charged, (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him, (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services was expecting to be paid by the person sought to be charged. See Colbert v. Dallas Joint Stock Land Bank, 136 Tex. 268, 150 S.W.2d 771 (1941); Rogers-Hill & Co. v. San Antonio Hotel Company, 23 S.W.2d 329 (Tex.Com.App., 1930, holdings approved); Wyche v. Perrin, 228 S.W.2d 330, (Tex.Civ.App., Dallas, 1950, wr. ref. n. r. e.).

In this case, appellant Montes testified that he paid $1,800.00 to Perez and further expended $2,725.46 to complete the improvements on his home, said amounts aggregating $4,545.46. For this reason, Montes contends that he has no liability to appellee (even for the amount of $1760.-00) although under unchallenged findings of the trial court, Montes has benefitted to the extent of $3,835.36 because of labor, materials and improvements to Montes' property furnished by appellee.

◼ Some of the expenditures made by Montes (in addition to the $1800.00 paid to Perez) were undisputedly not included in the oral arrangement between Montes and Perez. The trial court was entitled to believe from the evidence that the work done and materials furnished by appellee covered all of the items included in the uncertain oral arrangement between Montes and Perez, and to find, as it did, that appellee substantially and satisfactorily completed the work assigned to it.

The judgment of the court below must be considered in the light of the sixteen unchallenged findings of fact and the conclusions of law made by the trial judge. Under findings numbers 3, 8–14, and 19–20 it is established that appellee furnished labor and materials to Montes of the reasonable value of $3835.36, which enhanced the value of Montes' residence in at least that amount; that the labor and materials were accepted, used and enjoyed by Montes; that appellee substantially and satisfactorily completed the work assigned to it; that Montes owed a balance of $1760.-00 of the $3560.00 price orally agreed on by Perez and Montes; and that Naismith and Trevino reasonably looked to Montes for payment, if not for their total bill, for at least the sum of $1760.00.

◼ We believe that the unchallenged findings of fact along with facts established by undisputed evidence were sufficient to authorize the trial court to find and conclude that each of the essential elements of quantum meruit were present. We further believe that appellant has not demonstrated that the evidence is legally or factually insufficient to support the five findings of fact complained of in his brief. Under these conditions we agree with the two conclusions of law made by the trial court.

Appellant's argument includes a number of other contentions which are not specifically assigned as error and which we are not required to pass upon under the circumstances.

The judgment of the trial court is affirmed.