**Jack M. COLE, Plaintiff-Appellant-Cross Appellee,**

v.

**Gustavo G. BENAVIDES et al., Defendants-Appellees-Cross Appellants.**

No. 72–3399
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 5, 1973.

John William Black, Brownsville, Tex., for appellants.

Carlos M. Zaffirini, Laredo, Tex., for appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant Cole sued Gustavo Benavides, Vicente Garza, Roy Gatling, and a corporation, R. I. of McAllen, Inc., to recover a commission allegedly due him under a contract to obtain a source of permanent financing for the construction of a motel in McAllen, Texas, by R. I. of McAllen, Inc. The trial judge, sitting without a jury, held that Cole had not fully performed his contractual obligations and therefore was not en-

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al, 5th Cir. 1970, 431 F.2d 409, Part I.

titled to the commission specified in the contract. He further held, however, that Cole was entitled to the reasonable value of the services he had rendered to appellees, and entered judgment for Cole on the theory of quantum meruit. We reverse with instructions that judgment be entered for appellees.

Cole's contract with appellees is evidenced by a May 25, 1970, letter from Benavides to Cole, which we reproduce in full in the margin.[1] In pertinent part, the letter stated that if, at any time in the future, appellees should *"secure permanent financing* for the construction for the above referred to motel from the source which you have advised us you are reasonably certain will issue a commitment for such permanent financing,"* then appellees would pay Cole "a commission in the amount of six (6%) percent of the total amount of such *permanent financing loan"* [emphasis added]. The terms of this contract are clear: Cole would be entitled to his commission only if appellees actually secured permanent financing from a source supplied by Cole.

Subsequent to the execution of this contract, Cole divulged the name of Life Investors Insurance Company as a probable source of permanent financing for construction of the motel. On September 21, 1970, Life Investors issued a commitment to appellees for a mortgage loan in the amount of $1,100,000 in return for which appellees paid Life Investors a non-refundable fee of four percent of the amount of the contemplated loan. This commitment was expressly conditioned upon appellees' performance under an earlier sale-leaseback agreement with Life Investors. The testimony established that the September 1970 commitment from Life Investors was neither a loan nor a commitment to provide permanent financing. Rather, it was merely a "stand-by" commitment; both parties to the agreement understood that appellees would accept it only if they could not find more favorable permanent financing terms elsewhere. It is undisputed that appellees never obtained permanent financing from Life Investors or from any other source supplied by Cole. Permanent financing was obtained from Paul Revere Life Insurance Company, through the efforts of Glenn Justice Mortgage Co., for which appellees paid a brokerage fee of $45,000 to Glenn Justice.

Appellees later obtained temporary, or interim, financing from the McAllen State Bank. Mr. G. E. Roney, the bank officer who handled the temporary loan to appellees, testified unequivocally that in making the loan, the bank relied solely on the sale-leaseback agreement between appellees and Life Investors, not on Life Investors' stand-by loan commitment.

1.

Hall and Zaffirini
Attorneys-at-Law
Sames-Moore Building
Laredo, Texas 78040

H. C. Hall, III      P.O. Box 207
C. M. Zaffirini   (A.C. 512) 723-5527
May 25, 1970

Mr. J. M. Cole
419 Exeter Drive
Birmingham, Alabama
Dear Sir:

On behalf of the joint venture between Mr. Roy Gatling, Mr. Vicente V. Garza and Mr. Gustavo G. Benavides for the building of a Ramada Inn Motel in McAllen, Texas, on land heretofore purchased by them, this is to evidence our agreement with you that in the event that we should at any time in the future secure permanent financing for the construction of the above referred to motel from the source which you have advised us you are reasonably certain will issue a commitment for such permanent financing, that and in that event [sic] we agree that we will owe you a commission in the amount of six (6%) per cent of the total amount of such permanent financing loan.

This letter is written prior to your advising us as to the name of such company and this letter is an inducement to you, as well as a memorandum of our contract and agreement to pay you such commission in the event that we are able to secure such loan from your source.

Yours very truly,
Gustavo G. Benavides,
Joint Venturer.

HCH, III:EGA.

The temporary loan from the McAllen State Bank was repaid by means of the permanent financing from Paul Revere Life Insurance Company.

On the basis of these facts, we think that the trial judge correctly held that Cole was not entitled to his contractual commission. His right to the commission was conditioned upon appellees' actually obtaining permanent financing from a source he supplied. Since appellees never obtained even a commitment for permanent financing from Life Investors, much less permanent financing itself, the condition governing Cole's right to a contractual commission never occurred.

We believe, however, that the trial judge erroneously awarded Cole a recovery in quantum meruit, under the facts of this case.[2] Under Texas law, a party may *plead* alternative theories of recovery in contract and quantum meruit, but if he *proves* the existence of an enforceable contract, he may not recover in quantum meruit. Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S.W. 707, 709 (1901); Musick v. Pogue, 330 S.W.2d 696 (Tex.Civ.App. —San Antonio 1959, writ ref'd n.r.e.); Bennett v. Giles, 12 S.W.2d 843 (Tex. Civ.App.—Fort Worth 1928).[3] No one questions the validity, legality, or enforceability of Cole's contract with appellees. The only obstacle to his recovery under the contract is that he had no present right to the commission because the contractual condition governing that right—appellees' actually obtaining permanent financing from a source he supplied—had not occurred. In short, Cole proved the existence of an express contract with appellees, but he failed to prove that that contract had been breached. Under these circumstances, it was

error to permit Cole to recover on the alternative theory of quantum meruit.

Accordingly, the judgment is reversed with instructions that judgment be entered for appellees.

2. It is worth noting that Cole's complaint made no mention of recovery in quantum meruit. The theory found its way into the case through an amendment to the pre-trial order over the objection of appellees.

3. Colbert v. Dallas Joint Stock Land Bank, 129 Tex. 235, 102 S.W.2d 1031 (1937), relied upon by Cole, holds that quantum meruit affords an alternative basis for recovery under an unenforceable contract, but is inapplicable to a case in which plaintiff has proved the existence of an enforceable contract.