**SITTERLE PROPERTIES, Appellant,**

v.

**Williard Daniel WEIDNER, Jr., Appellee.**

**No. 16686.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1981.

Rehearing Denied Feb. 3, 1982.

Carl Robin Teague, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., San Antonio, for appellant.

Fred R. Granberry, San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

OPINION

KLINGEMAN, Justice.

Appellee, Weidner, is a painting subcontractor. Appellant, Sitterle Properties, is a partnership engaged in the business of home construction. The two parties entered into a painting subcontract whereby appellee agreed to provide certain services and goods and appellant agreed to pay appellee accordingly. Having been denied payment, appellee filed suit on the painting subcontract alleging that the balance of $5,800.00 was due and owing; and in the alternative, for a quantum meruit recovery. Judgment was rendered for appellee in the amount of $1,500.00, the reasonable value of

services performed, plus $1,400.00, attorney's fees.

Based upon the two submitted special issues,[1] the jury found (1) that appellee did not perform the work as a painting subcontractor in a good and workmanlike manner; and (2) that the reasonable value of the work performed by appellee as a painting subcontractor is $1,500.00. Over appellant's objection, the trial court failed to submit an issue as to whether appellant knowingly accepted appellee's services.[2]

It is clear that the case before us was tried on a quantum meruit theory and judgment entered on such basis.

Appellant asserts four (4) points of error: (1) the trial court erroneously overruled its motion for a take-nothing judgment *non obstante veredicto* because appellee waived the independent ground of recovery under the theory of quantum meruit by failing to request or cause the submission of an issue upon said ground; (2) the trial court erroneously overruled its motion for new trial because the trial court refused to submit a special issue to the jury inquiring whether appellant knowingly accepted appellee's work; (3) there is no evidence to support a finding that appellant knowingly accepted appellee's work; (4) there is insufficient evidence to support a finding that appellant knowingly accepted appellee's work.

In support of such points of error appellant relies principally on *Colbert v. Dallas Joint Stock Land Bank*, 129 Tex. 235, 102 S.W.2d 1031 (1937). Appellant's reliance on *Colbert* is misplaced. *Colbert* was tried on a contract theory rather than a quantum

meruit theory. The facts in our case are clearly distinguishable from *Colbert.*

In support of his first point of error, appellant contends that a quantum meruit cause of action consists of one element of fact—that defendant knowingly accepted plaintiff's services or any benefits thereof. Appellant argues that since appellee did not submit such an issue to the jury he assumed the burden of conclusively establishing under the evidence that appellant knowingly accepted appellee's services or any benefit thereof. Appellant urges that appellee did not present evidence which conclusively established appellant's knowing acceptance. Furthermore, appellant contested this issue by repeatedly denying that it accepted said services.[3]

Appellant complains in its second point of error that the trial court erroneously overruled its motion for new trial because the trial court refused to submit a special issue to the jury inquiring whether appellant knowingly accepted appellee's work. To support this point of error, appellant cites *Joe T. Presswood, Inc. v. Houston Industry Welding School, Inc.*, 585 S.W.2d 763 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.), for the proposition that a quantum meruit cause of action consists of more than one element. Specifically, *Presswood* states that *Colbert v. Dallas Joint Stock Land Bank, supra,* lists "two prerequisites to recover under the theory of quantum meruit"—(1) beneficial services rendered and (2) knowingly accepted. 585 S.W.2d at 767.

Answer: $1,500.00.

---

1. The special issues and jury's answers are:

 (1) Do you find from a preponderance of the evidence that the work on 2406, 2410, 2414 and 2419 Crow Valley (houses under construction) by Williard Daniel Weidner as painting subcontractor on said houses was done in a good and workmanlike manner (as that term is hereinbefore defined)?
 Answer: NO.
 (2) Find from a preponderance of the evidence the reasonable value, if any, to Sitterle Properties of the work performed by Williard Daniel Weidner as painting subcontractor on the properties 2406, 2410, 2414 and 2419 Crow Valley.

2. Appellant objected to the trial court's failure to submit an issue which would have inquired: Do you find from a preponderance of the evidence that Sitterle Properties knowingly accepted the services, if any, performed by Williard Daniel Weidner, Jr.?

3. Although appellant did not deny hiring appellee, appellant presented evidence that the work was performed in an unacceptable manner. The jury's finding as to the reasonable value of appellee's services refutes this contention.

Appellant argues that where a cause of action contains more than one element, the plaintiff has the burden of requesting the submission of issues to the jury on all the elements and obtaining an affirmative finding by the jury on the issues. To prevent the appellate court from deeming that the trial court made findings on unsubmitted issues in such a manner as to support the judgment, the defendant must (1) object to the trial court's failure to submit issues; or (2) establish that the plaintiff adduced no evidence or insufficient evidence to support an affirmative finding on unsubmitted issues. Tex.R.Civ.P. 279. Here appellant specifically objected to the trial court's failure to submit an issue on whether appellant knowingly accepted appellee's work. Therefore, appellant argues that in the absence of evidence conclusively establishing the element of "knowing acceptance" Rule 279 prevents a determination that the trial court found appellant knowingly accepted appellee's services or any benefit thereof.

Appellant's contention that appellee did not conclusively establish that appellant knowingly accepted appellee's services or any benefit thereof is without merit. The evidence is undisputed that appellant and appellee entered into a painting subcontract. Having partially performed the contract, appellee "could not maintain an action thereon for the contract price, or any part thereof." *City of Sherman v. Connor*, 88 Tex. 35, 29 S.W. 1053 (1895).[4] The theory of quantum meruit, however, "is founded upon the rule that it is inequitable for a party to refuse to pay for the benefits he received or work performed for him with his knowledge and consent by someone who is authorized to expect remuneration." *Parks v. Kelley*, 147 S.W.2d 821, 822 (Tex. Civ.App.—Amarillo 1941, no writ). Appellee was plainly authorized to expect remu-

neration for his services and the only question of fact for the jury was the extent to which appellant benefitted from appellee's services.

Our case is clearly distinguishable from the *Colbert* case relied upon by appellant. *Colbert* involved a realty broker (plaintiff) who secured a buyer for defendant's land; the sale had been made; and the defendant refused to pay the plaintiff his commission. The Texas Supreme Court reversed and remanded the lower courts' judgments in favor of the plaintiff because the case was tried on a contract theory which the evidence did not support, rather than on quantum meruit which the evidence tended to support.[5]

Addressing the question of whether the plaintiff proved a cause of action based upon quantum meruit, the Texas Supreme Court point out that:

> Texas is one of the states that have adopted the doctrine of *Britton v. Turner*, 6 N.H. 481, 26 Am.Dec. 713, that one who has but partially performed an entire contract may recover on quantum meruit the reasonable value of the services rendered and knowingly accepted, in an amount not exceeding the contract price, with the right accorded the defendant to recoup or reconvene his damages for the breach of the contract by the plaintiff.

*Id.* at 1034. Applying this rule, the court in *Colbert* found that the plaintiff failed to establish the existence of an employment contract. As a result, the evidence was not undisputed that the plaintiff, knowing of the services performed by the defendant, accepted the benefits thereof. "Thus the question whether [defendant] knowingly accepted the benefit of [plaintiff's] services became an issue of fact." 102 S.W.2d at

---

4. "Not having performed the contract they could not maintain an action thereon for the contract price, or any part thereof. They having, however, contributed a system of works of which the City has taken possession, are entitled to recover the reasonable value thereof upon an implied contract of the City to pay therefore." *City of Sherman v. Connor*, 88 Tex. 35, 29 S.W. 1053, 1055 (1895).

5. Although the petition alleged two causes of action—one for recovery on the express contract and one for recovery on the implied contract for the reasonable value of the services performed by the plaintiff and accepted by the defendant—the submitted and answered issues were intended to support the cause of action of the express contract.

1035. Stating "that the issue as to [plaintiff's] acceptance of [defendant's] services, or of the benefit of his services, is *in this case* an independent ground of recovery," the court refused to deem that the trial court found the issue in support of the judgment. 102 S.W.2d at 1035 (emphasis added). Additionally, the court refused to find this omitted issue to be incidental to the submitted and answered issues since such issues were intended to support the cause of action on the express contract.

 The case before us was tried on a quantum meruit theory.[6] In our view "acceptance" is a threshold issue, going to the existence of a relationship between the parties which places the claimant in the position of "someone who is authorized to expect remuneration" for the services rendered, *Parks v. Kelley, supra,* as distinguished from a mere volunteer. The contractual relationship between appellant and appellee having been established conclusively in this case, the trial court correctly refused to submit that undisputed issue to the jury. Appellant's points of error one and two are overruled.

The basis of appellant's third and fourth points of error is that appellee adduced no evidence or insufficient evidence to support a finding that appellant knowingly accepted appellee's work. As discussed above, since the issue of appellant's acceptance was not in dispute it was not necessary for appellee to present such evidence. These points of error are overruled.

The judgment is affirmed.

---

**6.** Appellee concedes that his partial performance of the painting subcontract negated the alleged cause of action for recovery on the contract.