11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

A-1 Systems, Inc. d/b/a
Lon Smith Roofing

Appellant

Vs.                   No.  11-00-00394-CV C Appeal from Palo Pinto County

Dan Seay

Appellee

 

This is an
appeal from the trial court=s order granting Dan Seay=s motion for judgment notwithstanding the verdict (JNOV).  A-1 Systems, Inc. d/b/a Lon Smith Roofing
filed suit against Seay for breach of contract and quantum meruit seeking to
recover payment for the installation of a roof on Seay=s home. 
Seay filed a counterclaim alleging deceptive trade practices, breach of
implied warranty, breach of contract, fraud in the inducement, unjust
enrichment, and negligent misrepresentation. 
The jury found that Lon Smith Roofing did not substantially perform the
roofing contract but that Lon Smith Roofing did perform compensable work for
Seay.   The jury awarded Lon Smith
Roofing $18,682.50 in damages.  On
August 24, 2000, the trial court entered judgment for Lon Smith Roofing and
awarded Lon Smith Roofing $18,682.50 in damages and $23,300.00 in attorney=s fees. 
On August 29, 2000, Seay filed a motion for JNOV, a motion for
additional findings of fact, a motion for judgment in favor of Seay, and a
motion for new trial. On September 15, 2000, the trial court entered a JNOV,
setting aside its August 24 judgment,[1]
entering judgment for Seay, and awarding Seay $25,149.23 in damages and
$35,827.00 in attorney=s
fees.  We affirm in part, and we reverse
and remand in part.








Seay
contracted with Lon Smith Roofing on March 10, 1998, to install a stone-coated
steel roof on his new home.  The
contract price was $37,365.00; and Seay was to pay $9,341.25 up front,
$9,341.25 upon delivery of the materials, and the balance of $18,682.50 upon
completion of the roof.   The record
shows that Seay made payments to Lon Smith Roofing totaling $18,341.25.  Seay testified at trial that construction
began on his home in March 1998 and that, at the end of July, Lon Smith Roofing
indicated that the roof work was complete.  


In August
1998, there was a significant rain, and the roof leaked.  Lon Smith Roofing returned to the job and
made repairs, which included enlarging and replacing certain valleys where the
water runs off of the roof.  On September
4, 1998, Lon Smith Roofing and Seay met and agreed upon a Apunch list@ of items to be touched up and finished before the roof would be
considered completed.  The parties both
signed the Apunch list@ which stated that, upon completion and inspection of the items listed
in the Apunch list,@ the outstanding balance would be paid.  Seay testified that the Apunch list@ was
completed by Lon Smith Roofing. On September 11, 1998, Lon Smith Roofing sent a
letter to Seay requesting payment on the outstanding balance.  Seay did not respond to the letter until
October 1998. 

Seay
testified that the Apunch
list@ was not completed satisfactorily, that the
roof continued to leak, and that he hired a roofing expert to come inspect the
roof.  Stephen L.  Patterson, a consulting engineer with Roof
Technical Services, testified that he inspected the Seay roof on September 10,
1998.  Patterson testified that the roof
should have had reverse battens and a waterproof underlayment and that the roof
was installed improperly and did not meet accepted industry standards.  Patterson recommended that Seay remove the
roof and replace it with a composition shingle roof.

On October
20, 1998, Seay sent a letter to Lon Smith Roofing which included Patterson=s report and recommendation and in which Seay
stated that the roof would be removed and replaced.  In the letter, Seay also requested a return of all payments and
claimed additional expenses in removing the roof.  Lon Smith Roofing responded by requesting an inspection of the
alleged defects.  Lon Smith Roofing made
an offer of settlement to repair the roof. 
Seay rejected the offer of settlement and replaced the roof with a
composition shingle roof in December 1998. 
Lon Smith Roofing then brought suit to recover the outstanding payment.  








Lon Smith
Roofing argues on appeal that the trial court erred in vacating the judgment in
its favor, in granting Seay=s motion for JNOV, and in granting judgment for Seay.  In the jury charge, Question No. 2 asked the
jury whether Lon Smith Roofing performed compensable work for Seay.  The jury answered A[Y]es.@  Question No. 3 asked the jury
the Areasonable value of such compensable work at
the time and place it was performed.@  The jury answered
$18,682.50.  Seay=s motion for JNOV stated that there was no
evidence to support the jury=s answers to Questions Nos. 2 and 3. 
The trial court granted Seay=s motion, set aside the judgment in favor of Lon Smith Roofing, and
granted judgment for Seay.

The trial
court may grant a motion for JNOV if a directed verdict would have been proper
and when there is no evidence upon which the jury could have made its
findings.   TEX.R.CIV.P. 301; Best v.
Ryan Auto Group, Inc., 786 S.W.2d 670, 671 (Tex.1990).  To determine whether the trial court erred
in granting a motion for JNOV, the appellate court must consider only the
evidence and the reasonable inferences that support the jury's answers.   Mancorp, Inc. v. Culpepper, 802 S.W.2d 226,
227 (Tex.1990).  The record is reviewed
in the light most favorable to the jury's finding, considering only the
evidence and inferences that support the finding and rejecting the evidence and
inferences contrary to the finding. 
See  Navarette v. Temple
Independent  School  District, 706 S.W.2d 308, 309
(Tex.1986).  The JNOV should be reversed
when there is more than a scintilla of competent evidence to support the jury's
finding.  Mancorp, Inc. v. Culpepper,
supra at 228.  More than a scintilla of
evidence exists when the evidence supporting the finding, as a whole, rises to a
level that would enable reasonable and fair‑minded people to differ in
their conclusions.  Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997), cert. den=d, 523 U.S. 1119 (1998); Burroughs Wellcome Company v. Crye, 907 S.W.2d
497, 499 (Tex.1995), quoting 
Transportation Insurance Company v. Moriel, 879 S.W.2d 10, 25
(Tex.1994).








Questions
Nos. 2 and 3 were based upon Lon Smith Roofing=s claim for recovery in quantum meruit.   Quantum meruit is an equitable remedy which does not arise out
of a contract but is independent of it.  
Colbert v. Dallas Joint Stock Land Bank of Dallas, 102 S.W.2d 1031, 1034
(Tex.1937).  Generally, a party may recover
under quantum meruit only when there is no express contract covering the services
or materials furnished.  Vortt
Exploration Company, Inc. v. Chevron U.S.A., Inc., 787 S.W.2d 942 (Tex.1990);
Truly v. Austin, 744 S.W.2d 934, 936 (Tex.1988).  This remedy "is based upon the promise implied by law to pay
for beneficial services rendered and knowingly accepted."  Vortt Exploration Company, Inc. v. Chevron
U.S.A., Inc., supra at 944.  Recognizing
that quantum meruit is founded on unjust enrichment, the supreme court set out
the elements of a quantum meruit claim in 
Bashara v. Baptist Memorial Hospital System, 685 S.W.2d 307, 310
(Tex.1985).  To recover under quantum
meruit, a claimant must prove that:  (1)
valuable services were rendered or materials furnished; (2) for the person
sought to be charged; (3) which services and materials were accepted by the
person sought to be charged, used, and enjoyed by him; (4) under such
circumstances as reasonably notified the person sought to be charged that the
plaintiff in performing such services was expecting to be paid by the person
sought to be charged.  Vortt Exploration
Company, Inc. v. Chevron U.S.A., Inc., supra; Bashara v. Baptist Memorial
Hospital System, supra.

There is
no evidence to establish that Seay accepted, used, and enjoyed the services and
materials provided by Lon Smith Roofing.  Seay testified that he signed the Apunch list@ which
stated that, upon completion of the items contained in the punch list, Seay
would pay the outstanding balance on the contract.  Seay testified that the items on the Apunch list@ were completed but were not completed satisfactorily.   Seay further testified that the roof  was of no value to him.  There was also evidence that the roof could
not be repaired.  There was testimony
that the roof continued to leak until it was removed and replaced a few months after
it was installed.  After it was
replaced, the roof never leaked, and Seay was able to complete the construction
of his home.  Although Lon Smith Roofing
presented testimony that the roof was installed in a workmanlike manner, that
the roof could be repaired, that it was not allowed to repair the roof, and
that the roof should not have been removed, there is no evidence that the roof
as installed was accepted, used, and enjoyed by Seay.  Because of the lack of such evidence, there is no evidence to support
the jury=s finding that Lon Smith Roofing performed
compensable work for Seay, and there is no evidence to support the jury=s award of damages in the amount of
$18,682.50.  The trial court did not err
in granting Seay=s motion for JNOV and in setting aside the
jury=s answers to Questions Nos. 2 and 3.  








Lon Smith
Roofing next argues that the trial court erred in granting judgment for Seay
and that Seay did not prove his claims for affirmative relief as a matter of
law.  Seay argues that the parties
stipulated that if the jury answered Ano@ to Questions Nos. 1 and 2 then Seay was
entitled to judgment on his claim for breach of contract.  Question No. 1 asked whether ALon Smith Roofing substantially performed the
contract in question.@  Seay argues that, because the jury answered Ano@ to Question No. 1 and the trial court set aside the jury=s answer to Question No. 2 on whether Lon
Smith Roofing performed compensable work for Seay, he is entitled to judgment based
upon the stipulation.  

Lon Smith
Roofing=s original brief was filed on July 25,
2001.  On August 15, 2001, Seay filed a
motion pursuant to TEX.R.APP.P. 34.6(e) to correct the reporter=s record, claiming that there was an omission
in Volume 7 of the reporter=s record concerning the way the jury was charged.  In Volume 7, pages 4 and 5 of the reporter=s record, the following conversation
occurred:

THE COURT:
I want to put on the record that it=s understood and agreed by the attorneys that a yes answer to No. 1,
the Court will award damages of 18,675.75 less $1,300.

 

[APPELLANT=S COUNSEL]: So agreed and stipulated.

 

THE COURT:
In lieu of 14, that=s my
understanding of what the evidence is.

 

[APPELLANT=S COUNSEL]; That=s the evidence in this case.

 

[APPELLEE=S COUNSEL]: Okay.  Yes.  Then also the flip
side of that, that if they answer - -

 

THE COURT:
If they answer no, then damage award to the plaintiff - - to the defendant
is  - - do you have that number then if
it=s  - -

 

[APPELLANT=S COUNSEL]: We can=t do that, Judge, because we got the soffit
damage issue.

 

THE COURT:
Yeah.  We=re not down to that yet.  And
that=s the only one, wasn=t it, where we ended up submitting - -

 

[APPELLANT=S COUNSEL]: Yes, sir, that gets your damages.

 

THE COURT:
Now, we=ve got another one, Seay damages, that if
they find that Defendant Seay is entitled to damages, then he=s entitled to out-of-pocket expenses of
18,000 - - what?

 

THE COURT:
It=s 18,341.25, that=s what he said, plus their answer to what now
is 14.

 

[APPELLANT=S COUNSEL]: That=s the insurance deal.

 

[APPELLEE=S COUNSEL]: Judge, I submitted an unjust
enrichment.








 

THE COURT: Aren=t those the only damages that I=m going to award as a matter of law depending
on the answer?  Okay.

 

On August 30, 2001, this court abated the appeal and instructed the
trial court to conduct a hearing to determine what occurred when the jury was
charged.  The trial court held a hearing
on September 28, 2001, and entered findings of fact and conclusions of law on
that same day.  At the hearing, Seay=s trial counsel stated that there was a
stipulation by the parties that if the jury answered Ano@ to Questions Nos. 1 and 2, then Seay would be entitled to judgment on
his breach of contract claim.  Seay=s trial counsel also stated that Seay=s request for damages in the amount of
$25,149.23 was not contested by Lon Smith Roofing.  Seay=s
trial counsel claimed that Volume 7 of the record is unclear because it does
not reflect the conversation concerning the stipulations.  Seay=s trial counsel testified that he thought the stipulations were on the
record.   Kim A. Brooks, the official
court reporter, testified at the hearing that there was nothing incorrect in
Volume 7 of the record, that she was on the record every time she was instructed
to be, that there was nothing that could be transmitted that was not, and that
the reporter=s record was complete. 

The trial court stated on the record that the reporter=s record does not reflect the informal charge
conference.  The trial court stated that
it remembered an agreement as to the effect of Question 1 and that, because of
that agreement, it did not submit Seay=s Acontract question.@  The
trial court further stated what Athe Court tried to do on page 4 and 5 of Volume 7 was to put the
agreement at the informal charge conference into the record.  And it may have been a feeble effort, but
that=s what the Court attempted to do.@  The
trial court=s findings of fact and conclusions of law
state that the trial court finds that Lon Smith Roofing agreed and stipulated
during the charge conference that negative answers to Questions Nos. 1 and 2
would result in judgment for Seay on his breach of contract claim.  The trial court further found that Lon Smith
Roofing agreed and stipulated that Seay=s damage claims totaling $25,149.23 were not contested.  The trial court found that Seay was entitled
to judgment because the jury answered Ano@ to Question No. 1 and the jury=s answer to Question No. 2 was set aside and
that Seay was entitled to judgment in the amount of $25,149.23 based upon the
stipulation. 








Lon Smith
Roofing argues in its supplemental brief that the claimed stipulations do not comply
with TEX.R.CIV.P. 11.  Rule 11 states:

Unless
otherwise provided in these rules, no agreement between the attorneys or
parties touching any suit pending will be enforced unless it be in writing,
signed and filed with the papers as part of the record, or unless it be made in
open court and entered of record.  

 

There
is no written agreement signed by the parties in the record as to the effect of
the jury=s answers to Questions Nos. 1 and 2 on Seay=s breach of contract claim.  Although the reporter=s record reveals in Volume 7, pages 4 and 5
that there was some agreement between the parties, the record does not provide
a stipulation in open court that Seay would be entitled to judgment on his
breach of contract claim in the event the jury answered Ano@ to Questions Nos. 1 and 2 and stipulating to an award of damages in
the amount of $25,149.23.  Therefore,
any stipulation between the parties does not comply with Rule 11 and is
unenforceable.  J.B. Custom Design and
Building v. Clawson, 794 S.W.2d 38 (Tex.App. - Houston [1st Dist.] 1990, no
writ).   Because the stipulation is
unenforceable, there is nothing in the record to support a judgment and an
award of damages for  Seay on his breach
of contract claim.  We sustain Lon Smith
Roofing=s issue on appeal that the trial court erred
in entering judgment for Seay, and we sustain the issue in the supplemental
brief that the stipulations do not comply with Rule 11.  Because of our disposition of the above
issues on appeal we need not address Lon Smith Roofing=s remaining issues on appeal or Seay=s cross-points.  TEX.R.APP.P. 47.1.  

The judgment of the trial court insofar as it grants Seay=s motion for JNOV and denies Lon Smith
Roofing=s quantum meruit claim  is affirmed.  The judgment of the trial court insofar as it grants judgment for
Seay and awards damages to Seay in the amount of $25,149.23 and attorney=s fees in the amount of $35,827.00 is
reversed and remanded to the trial court for further proceedings on Seay=s causes of action.  

 

JIM. R. WRIGHT

August 15, 2002                                                                       JUSTICE

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:
Wright, J., and

McCall, J., and McCloud,
S.J.[2]

 

[1]We note that, in its judgment, the trial court stated
that it is setting aside its August 22 judgment; however, the record indicates
that the final judgment was entered on August 24, 2000.

[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 











[1]We note that, in its judgment, the trial court stated
that it is setting aside its August 22 judgment; however, the record indicates
that the final judgment was entered on August 24, 2000.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.